THE STATE v. ALLEN McCARTER.

*Arson—Indictment—Criminal Intent—Trial.*

1. An indictment, alleging that the defendant " a certain dwelling-house belonging to one B, and in the possession of one J and by him occupied, feloniously, wilfully and maliciously did set fire to," sufficiently charges the common law offence of arson.

2. It is only where the statute makes the particular intent an essential element of the crime that it need be charged and proved.

3. Where the Court in its charge to the jury, in cautioning them against any prejudice against the defendant, remarked that he was charged with a "dastardly crime;" *Held*, not to be ground for a new trial.

This was an INDICTMENT for arson, tried before *Gilmer*, *Judge*, at May Term, 1887, of IREDELL Superior Court.

The part of the indictment material here charges that the prisoner, "a certain dwelling-house, belonging to one J. W. Brawley, and in the possession of one Joe Allison and by him occupied, there situate, feloniously, wilfully and maliciously did set fire to," burn and consume, &c.

The counsel for the prisoner, in his argument to the jury, commented on the nature of the crime charged, and among other things said, "that the penalty of death for arson was a severe punishment, and therefore asked the jury to consider the evidence well before they found a verdict which would take away the life of the prisoner."

The Solicitor for the State, who concluded the argument, commented fully and at considerable length upon this part of the argument for the prisoner.

The Judge, at the commencement of his charge, after stating that the prisoner was charged with the crime of arson, "one of the highest crimes known to our law," and further in the introductory part of his charge in connection with words and language calculated and intended to caution the jury against any prejudice against the prisoner, remarked that he was charged with "a *dastardly* crime." The prisoner excepted to this remark.

There was a verdict of guilty, and the prisoner moved in arrest of judgment:

"1st. Upon the ground that the bill did not charge the house burnt as the dwelling-house of Joe Allison, nor of any one, when the Solicitor argued that it was the dwelling-house of J. W. Brawley, and read authorities in support of that contention; and,

2nd. Upon the ground that the bill does not charge that the burning was done with the *intent* to *injure any one*, which prisoner's counsel contended was a necessary averment."

The Court overruled the motion in arrest of judgment, and gave judgment of death against the prisoner, from which he appealed.

*The Attorney General* and *Mr. E. C. Smith*, for the State.·
No counsel for the defendant.

MERRIMON, J., (after stating the case). The prisoner is charged in the indictment with the common law offence of arson, perpetrated by him in the burning of a dwelling-house. This crime is defined to be the wilful and malicious burning of the house of another person. An essential requisite of it is, that the house burned shall be that of some person other than the offender, and this constituent fact must be charged in the proper connection in the indictment, else the offence will not be charged; and moreover, it must be charged with such reasonable certainty and precision as that the Court can see from the record that the crime, and the particular crime, is charged; and so, also, that the prisoner can see and understand the same, and have such information in respect thereto as will enable him to make his defence, if he have any; and so also, as, if he shall be indicted a second time for the same offence, he can plead successfully his former acquittal or conviction, as the case may be. This rule is just and reasonable—essential, applied in some way, in the course of intelligent criminal procedure.

Now, the indictment in this case charges, not in very technical language, but intelligently and in substance, that the house charged to have been burned was the property of a particular person named, "and in the possession" of another particular person named. The ownership, and the manner of the ownership, are charged. The charge of the fact is intelligible—it designates with greater certainty and precision the house charged to have been burned than if it had simply charged that it was the dwelling-house of the owner

of the fee simple estate in the land on which it was situate, or of him who temporarily resided on it as the tenant of the owner or otherwise. The Court could see, and the prisoner could see, whose house, and what particular house, the latter was charged with having burned. The charge, as made, served every just and reasonable purpose of the law, and could not work prejudice to the prisoner, in any respect, in making his defence, or in defending himself in case of a subsequent indictment for the same offence. It does not charge the distinct ownership of two distinct persons—it is not confused, confusing and misleading—it simply describes one ownership. The charge thus made was capable of proof, and the burden was on the State to prove it as made. It might have been easier for the prosecution to make the necessary proof if the indictment had charged the property in the house in one count as that of the owner of the fee simple estate in the land, and in a second count as that of the tenant or person in the actual possession; but as it could, and did, make proof of the charge as made, the prisoner had no just ground of complaint on this account. As we have seen, the offence charged is arson at the common law, and hence it was not necessary to charge an intent to injure a particular person otherwise than as intent is implied in the charge that the burning was done wilfully and maliciously. It must be proved that the burning was both wilful and malicious. It is sufficient thus to prove the felonious intent.

It is only where a statute makes the particular intent an ingredient of the offence of burning, that it must be charged and proved as charged.

We are, therefore, of opinion that the motion in arrest of judgment was properly disallowed.

After the nature of the offence and the punishment thereof had been commented upon in the argument to the jury, the Court cautioned them not to allow prejudice to

weigh against the prisoner, and in that connection simply spoke of the offence charged as " dastardly."

This remark was not made in a spirit or tone of unfriendliness or hostility towards the prisoner—it does not so appear, and the expression did not, in its nature, tend to prejudice him before the jury, nor does it appear that it did, in the least degree, so that the exception, in this respect, cannot be sustained.

We have carefully examined the record and discover no error therein.   The judgment must, therefore, be affirmed.

Judgment affirmed.