## STATE v. LOCKETT DANIEL.

*Indictment for Burning Stable—Arson—Indictment, Sufficiency*
*of—Possession of Building.*

1. In an indictment under Sections 985 (6) of *The Code* directed against
   setting fire to certain kinds of buildings "whether such buildings
   shall then be in possession of the offender or in the posse-sion of any
   other person," it is not necessary to allege that the burned building
   was "in possession of" some person named.

2. This Court renders judgment upon an inspection of the whole record
   and must, therefore, be satisfied of the sufficiency of such record.
   (Section 957 of *The Code*.)

3  The attention of Clerks of the Superior Court is called to the necessity
   of observing the legal requirements in respect to making up tran-
   scripts of record on appeal in criminal cases so as to show the organi-
   zation of the Court, that it was held at the time and place specified
   by law, that a grand jury was drawn, sworn and charged and pre-
   sented the indictment set forth in the transcript.

INDICTMENT under Sections 985 (6) (as amended by
Chapter 42, Acts of 1885) for burning a stable, tried before
*Allen, J.,* and a jury at Spring Term, 1897, of GRANVILLE
Superior Court.

The indictment was as follows: "The jurors for the State,
upon their oaths, present that Lockett Daniel, late of the
County of Granville, on the 5th day of April, 1897, with
force and arms, at and in the County aforesaid, a certain
building, *to-wit:* a stable, then and there situate, the prop-

erty of Elizabeth F. Sattherwhite and others, wantonly, wilfully, and feloniously did set fire to and burn, against the form of the Statute in such case made and provided, and against the peace and dignity of the State." The jury found the defendant guilty, and he moved in arrest of judgment, on the ground that the indictment contained no criminal charge against him. The motion was denied. It was ordered and adjudged that defendant be confined in the penitentiary for seven years, from which judgment defendant appealed.

*Mr. Zeb V. Walser, Attorney General,* and *Messrs. Fuller & Biggs,* for the State.

*Messrs. Edwards & Royster,* for defendant (appellant).

CLARK, J.: The transcript on appeal was defective. It did not show the organization of the Court, nor that it was held at the court house, nor at the time and place specified by law, nor that a grand jury was drawn, sworn and charged, and that they presented the indictment which is set forth in the transcript. The attention of the Clerks of the Superior Courts is again called to the legal requirements in this respect, as stated in *State* v. *Butts,* 91 N. C., 524, and especially to what is said on page 526. The Court here refused to grant the motion to dismiss the appeal on that ground in a criminal case raising a serious question, though it has allowed the motion in felonies (*State* v. *May,* 118 N. C., 1204), as well as in misdemeanors (*State* v. *Watson,* 104 N. C., 735). The appellant, however, as well as the Clerk, has been derelict in not sending up a proper transcript; and the Court would not permit the appellant a continuance of the cause for his own neglect, but sent down *ex mero motu* an *instanter certiorari* to cure the defects in the transcript of the record. The Court here renders judgment "upon inspection of the whole record" (*Code,* § 957,) and must see to its

STATE *v.* DANIEL.

sufficiency. This is by no means the first defective record that has been sent up by this particular Clerk, nor is this the first *certiorari* that has been sent down to correct his shortcomings. By this time, he should be more conversant with his duties.

The prisoner is indicted for setting fire to a stable in Granville county, then and there situate, etc., "the property of Elizabeth F. Sattherwhite and others." He moved in arrest of judgment, because it was not charged, instead, that the stable was "in possession of" some person named. The offence is set out in *Code*, § 985 (6), which has been amended by Act 1885, c. 42, and it is not made a requisite thereby that the building set fire to shall be either "the property of" or "in possession of" any one. The constituent element of the offence is "the wilful and wanton" setting fire to any building of the kind therein named. The allegation of its being "the property of" A. is for purposes of identification only (10 Am. & Eng. Enc. Law, 595), to give the prisoner sufficient notice to prepare his defence, and enable him to plead former conviction or former acquittal to a second indictment for the same offence. An allegation that the stable was "in possession of" A. would have been sufficient, or so might other apt words, sufficient for identification of the building charged to have been set fire to. In statutory offences for burning, the property may be described as "belonging to," "the property of," "owned by," "in possession of," or simply "of," a person named. 1 McClain, Cr. Law, § 529. Hence, when the building is described in the indictment as "the property of" A., proof of possession is held sufficient evidence of ownership, for the "title of the property is not in issue." *State* v. *Jaynes*, 78 N. C., 504; *State* v. *Gailor*, 71 N. C., 88; *State* v. *Thompson*, 97 N. C., 496. And, for like reasons, when the building is charged as being "in possession of" A., the possession is not in issue. In *Wood-*

. *ford* v. *People*, 62 N. Y., 126, Church, C. J., says: "Counsel argued that the allegation that the house was the property of or belonged to one person implied that it was in possession of another.  I think the contrary presumption arises, and that, upon an allegation of ownership of a dwelling house in an indictment for arson, the legal presumption is that the person named is in possession of it, because the possessor is the owner of it for this purpose."  This section (*Code*, § 985 [6]) is copied from the English Statute of 7 and 8 Geo. IV., c. 30; and under that it was sufficient to allege the building simply "of" A. (Archb. Cr. Pl. [3d Am. Ed.] 262, and lxiv.); and this is the better practice, proof of either possession or property being sufficient identification. Though the allegation of either ownership or possession is not required by the Statute, and is for the purpose of identification merely, yet it must, of course, be proved in the person alleged in the indictment; but proof of ownership in A. would, as Chief Justice Church says, be sufficient evidence of possession, when identification is sought by alleging the building as "in possession of" A., just as proof of possession by A. would be sufficient (under *State* v. *Thompson*, *State* v. *Jaynes*, and *State* v. *Gailor*, *supra*) to sustain the allegation that the building is "the property of" A.

The provision in the Statute in question that it shall be an offence to set fire, wilfully and wantonly (as amended in 1885), to any of the buildings mentioned, "whether such buildings shall then be in possession of the offender or in possession of any other person," is no part of the description of the offence, but has reference to evidential matters which shall not defeat the conviction of the offender, making it immaterial whether he or some one else was in possession. Even in those cases in which it is necessary to charge the property or possession, it can be laid in "A. and another," or in "A. and others," as the case may be.  *Code*, § 1188.

For a stronger reason, this is admissible when, as here, allegation neither of possession nor ownership is required, and such allegation is only for certainty and identification. Indeed, objection on this ground was not insisted on. The motion in arrest of judgment was properly overruled.

Affirmed.