STATE v. LAWRENCE SPROUSE.

(Filed 19 May, 1909.)

1. **Indictment—Unlawful Burning, etc.—Allegation of Ownership—Identification—Description.**

    On a trial under an indictment containing two counts for unlawfully, etc., setting fire, etc., and also attempting to burn, etc., a certain stable and granary, the property of and in possession of W. (Revisal, secs. 3338, 3336), the evidence was that the stable and granary was owned by a different person than the one named, who had rented it to W., and he had stored corn in the granary end of the building: *Held*, the allegation of ownership was for identification of the property, and it was sufficiently proved by thus showing occupancy.

2. **Same—Instructions.**

    When an indictment charges the unlawful, etc., setting fire to a granary, the property of W., and an unlawful attempt to burn the barn, etc., of W., and the evidence tends to show that S. was the owner, but had rented it to W., who had stored corn therein, it is not error for the trial judge to charge, in effect, that if the jury so find the facts beyond a reasonable doubt, and likewise find beyond a reasonable doubt that defendant willfully set fire to and burned said house, with the corn of the prosecutor in it, it was their duty to return a verdict of guilty.

3. **Indictment—Two Counts—General Verdict—Defective Count—Judgment Arrested.**

    When there are two counts in a bill of indictment charging an unlawful, etc., burning of the house of another, and the jury have returned a general verdict of guilty, judgment may not be arrested upon the ground that one of the counts is defective.

4. **Indictment, Sufficient—Setting Fire to Property.**

    A count in a bill of indictment charging that defendant "did unlawfully, wantonly, willfully and feloniously set fire to a stable and granary, then and there the property and in possession of W.," etc., is good, under the Revisal, sec. 3338.

INDICTMENT for setting fire to and burning property of another, tried before *Ferguson, J.,* and a jury, at February Term, 1909, of MADISON.

*Attorney-General* for the State.
*C. C. Ramsey* and *Moore & Rollins* for defendant.

STATE *v.* SPROUSE.

CLARK, C. J.  The defendant is indicted in two counts.  In the first count it is alleged that the defendant "did unlawfully, wantonly, willfully and feloniously set fire to a stable and granary, then and there the property and in possession of William Sexton," and in the second count it is alleged that the defendant "did unlawfully, willfully and feloniously attempt to burn the barn and stable of William Sexton by setting fire to a certain lot of flammable matter in said barn and stable, contrary to the statute," etc.

The defendant requested his Honor to charge the jury as follows: "That, if the jury believe the evidence, the stable and granary was the property of E. L. Sprouse, and the jury could not find the defendant guilty under this bill of indictment, which charges that the defendant burned the stable and granary, the property of William Sexton."  The court refused to give said instruction, and the defendant excepted.

The evidence was that the title to the stable was in E. L. Sprouse, but that he had rented the building to William Sexton, who had stored 300 bushels of corn in the granary end of the building.  This is not a civil action for possession.  Ownership is alleged only to identify the property, and is sufficiently proved by showing occupancy.  *State v. Daniel,* 121 N. C., 576; *State v. Thompson,* 97 N. C., 496; *State v. Jaynes,* 78 N. C., 507; *State v. Gailor,* 71 N. C., 88.

The court charged the jury that if they "should be satisfied from the evidence, beyond a reasonable doubt, that William Sexton, the prosecutor, had rented the premises from E. L. Sprouse, and in pursuance of the contract of lease he went into possession of the barn, or a part of it, by storing his corn therein, then the bill properly charges the property burnt as the property of William Sexton; and if they shall further be satisfied, beyond a reasonable doubt, that the defendant willfully set fire to and burned said house, with the corn of the prosecutor in it, it is their duty to return a verdict of guilty," to which the defendant excepted, but without good ground.

The only other ground relied on in defendant's brief is that the judgment should be arrested because the first count in the bill is defective.  If this were true, there being a general ver-

dict, it would be supported by the valid second count. *State v. Toole,* 106 N. C., 736. But the first count follows the words of the Revisal, sec. 3338, and the second count is based on the Revisal, sec. 3336.

No Error.