STATE v. JAKE VANDERBURG.

(Filed 29 April, 1931.)

1. **Concealed Weapons A a—Possession of pistol on premises of another is not alone sufficient for conviction of violation of C. S., 4410.**

The possession of a pistol by one on the premises of another is not alone sufficient to convict of carrying a concealed weapon in violation of C. S., 4410, although the statute makes such possession prima facie evidence of the concealment thereof.

**2. Assault B b—In this case held: elements of offense denounced in C. S., 4231, were not sufficiently explained to jury.**

In this prosecution for an assault in a secret manner with intent to kill in violation of C. S., 4213: *Held*, the trial court failed to sufficiently explain to the jury the several elements of the offense, and defendant is entitled to a new trial.

APPEAL by defendant from judgment pronounced at the October Term, 1930, of GASTON. New trial.

There were two bills of indictment against the defendant, in the first of which he was charged with an assault in a secret manner with intent to kill, in violation of C. S., 4213, and in the second with carrying a concealed weapon, in violation of C. S., 4410. The record proper shows that the jury returned a general verdict of guilty in both cases. The case on appeal states that the jury returned a verdict of guilty of carrying a concealed weapon, and assault with a deadly weapon.

The judgment rendered upon conviction under the first indictment was imprisonment of the defendant in the county jail for a period of two years to be worked on the public roads of the county, and in the second indictment, a like sentence for a period of one year. The record shows that the two judgments are not concurrent, the sentence in the second to begin at the expiration of the sentence in the first.

From the judgment pronounced the defendant appealed to the Supreme Court upon assigned error.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*
*E. R. Warren and George W. Wilson for defendant.*

PER CURIAM. There was evidence tending to show that the defendant, while off his own premises had a pistol concealed about his person in breach of the statute. He excepted to the following portion of the instructions given the jury respecting the question of his guilt: "If the evidence is to be believed, a woman was in possession of the house, that she had it rented, and that he was not on his own premises, and he had no right to carry a pistol upon it; and if you find beyond a reasonable doubt that he had a pistol concealed on his person, or if you find beyond a reasonable doubt that he was in possession of a pistol on that occasion and find it beyond a reasonable doubt, then it would be your duty to convict."

Section 4410 provides that if any one not being on his own land shall have about his person a deadly weapon, such possession shall be prima facie evidence of the concealment thereof; but the bare possession of a

pistol by a person not on his own premises does not necessarily constitute a breach of the statute. This instruction entitled the defendant to a new trial on this indictment.

With respect to the assault, the record discloses the following instruction: "This woman testified that he came out there and told her to get out of there by a certain time and drew his pistol on her and told her that if she did not get out at that certain time he would feed her a couple of these, meaning cartridges from the pistol. The little girl says he drew the pistol. Mrs. Green illustrates how he drew it and the little girl did the same thing; that he drew it out of his pocket and presented it to her mother, and she illustrates how he did it. If you find this to be true, he would be guilty at least of carrying a concealed weapon, and if he made a threat to kill her, then he would be guilty of assault with intent to kill, assault with deadly weapon."

We do not think that the several elements of the offense denounced in C. S., 4213 were sufficiently explained to the jury in view of the general verdict appearing in the record proper.

New trial.