STATE v. M. L. McKEITHAN.

(Filed 9 November, 1932.)

1. **Criminal Law G r — Testimony of accomplice's narration of crime held competent as corroborative of his testimony on trial.**

    Where in a prosecution under C. S., 4175, 4245, an accomplice testifies that the defendant procured him to burn a certain house, it is competent for other witnesses to testify as to the narration by the accomplice of the commission of the crime as corroborative evidence of the accomplice's testimony on the trial.

2. **Criminal Law I g—Court need not again state that certain evidence was admitted for restricted purpose in absence of request.**

    Where the court admits certain testimony as corroborative evidence and so instructs the jury at the time of its admission, the failure of the court to again instruct the jury in his charge as to the nature of such evidence is not ground for exception in the absence of a request for such instructions, nor will the court's failure to state to the jury at the time of the admission of such evidence that it was admitted for a restricted purpose constitute ground for exception unless the appellant asks at the time of its admission that the court so state.

**3. Arson C a—Indictment in this case held to sufficiently identify property alleged to have been burned.**

In a prosecution for arson under C. S., 4175, 4245, an indictment stating that the defendant procured another to burn a certain house owned by the defendant and another as tenants in common is held sufficient, and the fact that the same parties owned other houses in like capacity is not ground for demurrer or *quashal*, the indictment containing sufficient matter to enable the court to proceed to judgment, and a conviction on the charge being sufficient to sustain a plea of former jeopardy in case of a second prosecution. C. S., 4623.

**4. Criminal Law G j—Charge in respect to testimony of accomplice held correct, and refusal of exact instructions requested was not error.**

Where the court modifies the defendant's prayers for instructions relative to testimony of an accomplice, but the instruction as given charges that such testimony should be accepted with care and caution in connection with the witness's admission of guilt of the crime: *Held,* the charge contained all that the defendant was entitled to as a matter of law, and the refusal to give the instructions as requested will not be held for error.

APPEAL by defendant from *Barnhill, J.,* at April Term, 1932, of HOKE.

Criminal prosecution tried upon indictment charging, in the first count, that the defendant did on 5 March, 1932, feloniously aid, counsel and procure one Curtis Smith feloniously to burn a dwelling-house, the property of said defendant and one Campbell as tenants in common, contrary to the provisions of C. S., 4175; and, in the second count, that the defendant, being tenant in common with one Campbell of a dwelling-house, then insured against loss, did on 5 March, 1932, feloniously procure one Curtis Smith to burn said dwelling-house in violation of C. S., 4245.

The evidence tends to show that the defendant, M. L. McKeithan, and L. J. Campbell owned a farm near Raeford in Hoke County as tenants in common, known as the Watkins Place, as Jasper Watkins, a colored man, was tenant thereon. This farm had a house on it worth about $25.00, which was insured for $1,000. Curtis Smith, a young white man, testified that the defendant agreed to pay him $50.00 if he would burn the Jasper Watkins house. The evidence is plenary that, in consequence of this understanding and procurement, the defendant helping to arrange the details, Curtis Smith did, on the night of 5 March, 1932, burn the house in question. Smith had taken several drinks before the burning, and immediately thereafter, due to this circumstance perhaps, he talked rather freely about the matter. He later confessed to the sheriff.

The statements of Smith, especially those made after the burning, were the subject of a number of objections and exceptions. They were admitted in corroboration of Smith's testimony.

It was also in evidence that the defendant and L. J. Campbell owned as tenants in common, in addition to the Watkins place, two other farms near Raeford, with a house on each, not in the same locality, but "on the other side of town." The defendant thereupon requested the court to direct a verdict of not guilty, as the property was not described in the indictment with sufficient definiteness. He also demurred to the bill and moved to quash. Overruled; exception.

The defendant in apt time requested the court to instruct the jury as follows:

"The State relies upon the testimony of one Curtis Smith, together with such other facts and circumstances that you may find from the evidence that tend to corroborate the testimony of the said Curtis Smith. The court charges you that the said Curtis Smith is what the law calls an accomplice, that is, one who admits and testifies that he committed a crime, but in his testimony charges others to have participated in some manner with him in the commission of such crime in such case, and the court so charges in reference to your consideration of the testimony of the said Curtis Smith that, while you may find a verdict of guilty on the unsupported testimony of an accomplice, if you are satisfied therefrom beyond a reasonable doubt of the guilt of the defendant, yet the law makes it the duty of the court to say to you that it is dangerous and unsafe to convict upon the testimony of an accomplice."

The court gave this request but modified the last clause as follows:

"Yet the law makes it the duty of the court to say to you that in passing upon the testimony of an accomplice you should accept the same with care and caution, and your consideration of it should be in connection with the fact that he, himself, upon his own admission, is guilty of the crime."

The defendant excepts to the failure of the court to charge as requested, and to the modification as noted.

From an adverse verdict, and judgment of from 3 to 5 years in the State's prison and a fine of $500, the defendant appeals, assigning errors.

*Attorney-General Brummitt and Assistant Attorney-General Seawell for the State.*

*Varser, Lawrence, McIntyre & Henry and H. W. B. Whitley for defendant.*

STACY, C. J. The narration by a number of witnesses of what Curtis Smith told them about the burning was competent as corroborative of

STATE *v.* McKEITHAN.

Smith's testimony given on the trial, and the court so limited its use at the time of its admission. It is now the rule of practice with us that when testimony is admitted, not as substantive evidence, but in corroboration or contradiction, and that fact is stated by the court when it is admitted, it will not be ground for exception that the judge does not in his charge again instruct the jury specifically upon the nature of such evidence, unless his attention is called to the matter by a prayer for instruction; nor will it be ground for exception that evidence competent for some purpose, but not for all purposes, is admitted generally, unless the appellant asks, at the time of its admission, that its purpose be restricted to the use for which it is competent. *S. v. Steele,* 190 N. C., 506, 130 S. E., 308; Rule 21, Supreme Court, 200 N. C., 827. The record discloses no infraction of the rule, or noncompliance with the decisions on the subject. *S. v. Steele, supra.*

The form of the indictment would seem to be sufficient. *S. v. Farmer,* 104 N. C., 887, 10 S. E., 563. The ownership of the house is properly laid in the defendant and Campbell as tenants in common. *S. v. Haddock,* 3 N. C., 162; *S. v. Harbert,* 185 N. C., 760, 118 S. E., 6. The fact that these same parties own other houses in like capacity, is not ground for demurrer or *quashal. S. v. Sprouse,* 150 N. C., 860, 64 S. E., 900; *S. v. Daniel,* 121 N. C., 574, 28 S. E., 255; *S. v. McCarter,* 98 N. C., 637, 4 S. E., 553. Sufficient matter appears on the face of the indictment to enable the court to proceed to judgment. C. S., 4623; *S. v. Gallimore,* 24 N. C., 372; *S. v. Green,* 151 N. C., 729, 66 S. E., 564. And the defendant could not be tried again for the same offense. *S. v. Prince,* 63 N. C., 529. His plea of former conviction would easily avail in case of a second prosecution. *S. v. King,* 195 N. C., 621, 143 S. E., 140; *S. v. Freeman,* 162 N. C., 594, 77 S. E., 780. See, also, *S. v. Beal,* 202 N. C., 266, 162 S. E., 561, 80 A. L. R., 1101, and note.

There was no error in modifying the defendant's prayer with respect to the testimony of an accomplice. *S. v. Ashburn,* 187 N. C., 717, 122 S. E., 833. The charge as given was all the defendant was entitled to as a matter of law, and the judge is not required to instruct the jury, except on the law of the case. *S. v. Haney,* 19 N. C., 390.

A careful perusal of the record leaves us with the impression that the case has been tried in substantial conformity to the principles of law applicable and the decisions apposite  The verdict and judgment will be upheld.

No error.