STATE v. J. W. BRADLEY AND JAMES MADDREY.

(Filed 15 June, 1936.)

**1. Criminal Law J a—**

A motion in arrest of judgment properly challenges the sufficiency of the warrant to charge a crime.

**2. Concealed Weapons B a—Warrant held fatally defective in failing to charge that defendant carried concealed weapon off his own premises.**

In this prosecution for carrying a concealed weapon, the warrant *is held* fatally defective in failing to embrace in the charge the essential element of the offense that the weapon was carried concealed by defendant off his own premises, the warrant itself excluding the charge that the weapon was carried off the premises by charging that defendant carried an unconcealed weapon off his premises. C. S., 4410.

**3. Criminal Law J a—**

A motion in arrest of judgment for fatal defect appearing upon the face of the record may be made at any time in any court having jurisdiction of the matter.

APPEAL by defendants from *Hill, Special Judge,* at March Term, 1936, of FORSYTH.

Criminal prosecutions, consolidated and tried upon identical warrants, each charging that the defendant therein named "did unlawfully and willfully have and carry concealed about his person a deadly weapon, to wit, a certain pistol, and did carry off his premises, unconcealed, a deadly weapon, to wit, a certain................. ... ...........," against the form of the statute in such cases made and provided, etc.

Verdict: "Guilty of C. C. W."

Judgments: Two years on the roads as to each of the defendants.

Defendants appeal, assigning errors.

*Attorney-General Seawell and Assistant Attorney-General McMullan for the State, appellee.*

*John C. Wallace and Parrish & Deal for defendants, appellants.*

STACY, C. J. Do the warrants charge a crime? The question is properly presented by motions in arrest of judgment. *S. v. Tarlton,* 208 N. C., 734; *S. v. McKnight,* 196 N. C., 259, 145 S. E., 281; *S. v. Grace,* 196 N. C., 280, 145 S. E., 399; *S. v. Mitchem,* 188 N. C., 608, 125 S. E., 190.

It is provided by C. S., 4410, that if anyone, "except when on his own premises," or "not being on his own lands," shall carry concealed about his person, any pistol, gun, or other deadly weapon, he shall be guilty of a misdemeanor." It was said in *S. v. Perry,* 120 N. C., 580,

26 S. E., 915, that the use of these exceptive phrases in the statute has the effect of restricting the legal right to carry concealed weapons to those who are in the privacy of their own premises. *S. v. Terry,* 93 N. C., 585.

Being off the premises of the accused, or not being on his own lands, is an integral part of the offense condemned by the statute. *S. v. Johnson,* 188 N. C., 591, 125 S. E., 183; *S. v. Connor,* 142 N. C., 700, 55 S. E., 787. Even if this were considered an exception or proviso, not necessary to be negatived in the indictment (*S. v. Smith,* 157 N. C., 578, 72 S. E., 853), still the present warrants would seem to be insufficient, for it is expressly alleged the defendant "did carry off his premises, unconcealed, a deadly weapon." This would seem to exclude the idea that the first allegation was also intended to mean while off his own premises. *S. v. Vanderburg,* 200 N. C., 713, 158 S. E., 248.

A motion in arrest of judgment, perforce predicated upon some fatal error or defect appearing on the face of the record, may be made at any time in any court having jurisdiction of the matter. *S. v. Baxter,* 208 N. C., 90, 179 S. E., 450; *S. v. McKnight, supra.*

Judgments arrested.