STATE v. J. G. WILLIAMS.

(Filed 28 April, 1937.)

**Indictment § 17—Furnishing final account showing credits and alleged shortage and accounts in defendant's hands held sufficient bill of particulars in this prosecution for embezzlement.**

The purpose of a bill of particulars is to afford defendant a fair opportunity to procure his witnesses and to prepare his defense as to the particular transactions in which he is accused, and to limit the evidence to the transactions stated, and in this prosecution of an insurance agent for embezzlement, the furnishing by the State of accounts and records dis-

closing itemized credits and amounts due by defendant to the insurance company *is held* a sufficient compliance with an order theretofore entered requiring the State to furnish a bill of particulars.

APPEAL by defendant from *Small, J.,* at September Term, 1936, of WAKE. No error.

The defendant was charged with embezzlement. From judgment imposing sentence on verdict of guilty, the defendant appealed.

*Attorney-General Seawell and Assistant Attorney-General McMullan for the State.*

*Douglass & Douglass and W. L. Spencer for defendant.*

PER CURIAM. Defendant assigns as error the denial by the court below of his motions for continuance and for mistrial on account of the failure of the State to furnish a bill of particulars. It was charged that defendant had embezzled certain money collected by him as agent for an insurance company. At a prior term of court the presiding judge had directed the State to furnish a bill of particulars setting forth the names of persons from whom money had been collected by the defendant as agent for the insurance company, together with the dates and amounts of such collections which were not remitted. The record shows that the State furnished defendant's counsel copy of the final account of defendant with the insurance company, revealing all credits due defendant and his alleged shortage in money after such credits were deducted, and the State also furnished copy of all of defendant's weekly reports to the insurance company for the entire period of his employment of more than two years, and also "a copy of defendant's collection book showing all the more than five hundred policyholders on defendant's debit, and the premiums due from each."

Defendant's motions were denied on the ground that defendant had been furnished sufficient bill of particulars. The purpose of a bill of particulars is to afford the defendant a fair opportunity to procure his witnesses and to prepare his defense as to the particular transactions in which he is accused, and to limit the evidence to the transactions stated in the particulars. *S. v. R. R.,* 149 N. C., 508; *S. v. Wadford,* 194 N. C., 336; *S. v. Beal,* 199 N. C., 278; *S. v. Everhardt,* 203 N. C., 610.

The particulars furnished to the defendant in the case at bar seem to comply fully with the requirement contained in the order, and the ruling of the court below on this point must be sustained.

The exceptions to the rulings of the trial judge on matters of evidence are without substantial merit.

In the trial we find