## STATE v. ANDERSON BANKS AND ROBERT ALLEN

(Filed 26 February, 1958.)

**1. Indictment and Warrant § 9—**

**2. Arson § 2—**

An indictment for arson must identify the structure burned so as to show that it comes within the class designated in the statute and also to enable defendant to prepare his defense and plead his conviction or acquittal as a bar to further prosecution for the same offense. Allegation of ownership or of possession of a named person suffices to meet the requirements of identity.

**3. Criminal Law §§ 26, 121—**

Where an indictment for arson is fatally defective in failing to identify the structure burned, defendant's motion in arrest of judgment must be allowed. However, prosecution under void warrant does not preclude prosecution upon a valid warrant for the offense, if the solicitor is so advised.

APPEAL by defendants Anderson Banks and Robert Allen from *Farthing, J.,* and a jury, at September Term, 1957, of BUNCOMBE.

Criminal prosecution tried upon a bill of indictment charging: "That Ulysses Nelson, Anderson Banks and Robert Allen, late of Buncombe County, on the 31st day of May, 1957, with force

and arms, at and in said County, did unlawfully, willfully and feloniously and wantonly set fire to, and burn and cause to be burned and did aid and abet, counsel and procure the burning of a warehouse, office, shop, building used in carrying on the trade as a filling station and restaurant in violation of Chapter 14, Section 62 of the General Statutes of North Carolina, . . ."

The jury returned a verdict of guilty as to each defendant. The defendants Anderson Banks and Robert Allen each moved the court that judgment be arrested, and assigned as grounds therefor, "that the bill of indictment is insufficient to charge a violation of law and to support the pronouncement of judgment on which a plea of former jeopardy could rest." Motions denied. Each defendant excepted. Judgments imposing prison sentences, were pronounced, from which the defendants Anderson Banks and Robert Allen appealed.

*Attorney General Patton and Assistant Attorney General Moody for the State.*
*Redden, Redden & Redden for defendant Anderson Banks.*
*I. C. Crawford for defendant Robert Allen.*

JOHNSON, J. In the bill of indictment the State attempts to charge the defendants with burning a building in violation of G.S. 14-62. The bill merely charges the offense in the language of the statute. As to this, the rules are well stated in *S. v. Cox*, 244 N.C. 57, 59, 92 S.E. 2d 413, 415: ". . . while it is a general rule prevailing in this State that an indictment for a statutory offense is sufficient if the offense be charged in the words of the statute, *S. v. Jackson*, 218 N.C. 373, 11 S.E. 2d 149, the rule is inapplicable where the words of the statute do not in themselves inform the accused of the specific offense of which he is accused so as to enable him to prepare his defense or plead his conviction or acquittal as a bar to further prosecution for the same offense, as where the statute characterizes the offense in mere general or generic terms, or does not sufficiently define the crime or set forth all its essential elements. In such situation the statutory words must be supplemented by other allegations which so plainly, intelligibly and explicitly set forth every essential element of the offense as to leave no doubt in the mind of the accused and the court as to the offense intended to be charged." See also *S. v. Helms, ante* 740.

In a statutory arson case like this one, it is necessary to aver what building was burned by descriptive allegation showing not only that the structure comes within the class designated in the statute, but also fixing its identity with reasonable particularity so as to enable the defendant to prepare his defense and plead

his conviction or acquittal as a bar to further prosecution for the same offense. See 6 C.J.S., Arson, Sec. 20.

In *S. v. McKeithan,* 203 N.C. 494, 166 S.E. 336, the defendant was tried and convicted under a two-count indictment, reading in part as follows: First count: ". . . the defendant did on 5 March, 1932, feloniously aid, counsel and procure one Curtis Smith feloniously to burn a dwelling-house, the property of said defendant and one Campbell as tenants in common, contrary to the provisions of C.S. 4175 (now G.S. 14-5)." Second count: ". . . the defendant, being tenant in common with one Campbell of a dwelling-house, then insured against loss, did on 5 March 1932, feloniously procure one Curtis Smith to burn said dwelling-house in violation of C.S. 4245 (now G.S. 14-65)." The defendant requested the court to direct a verdict of not guilty, on the ground that the property was not described in the indictment with sufficient definiteness. He also demurred to the bill and moved to quash. Overruled; exception. On appeal to this Court it was held: "The form of the indictment would seem sufficient. (Citation of authority). The ownership of the house is properly laid in the defendant and Campbell as tenants in common. (Citation of authority). The fact that these same parties own other houses in like capacity, is not grounds for demurrer or *quashal.* (Citation of authority). Sufficient matter appears on the face of the indictment to enable the court to proceed to judgment. (Citation of authority). And the defendant could not be tried again for the same offense. (Citation of authority). His plea of former conviction would easily avail in case of a second prosecution."

In *S. v. Sprouse,* 150 N.C. 860, 64 S.E. 900, the indictment was in two counts. One charged the felonious burning of a stable and granary, "then and there the property and in possession of William Sexton." The second count charged a felonious attempt to burn the barn and stable "of William Sexton." The evidence revealed that title to the stable was in one Sprouse, who had rented to Sexton. This Court held that the indictment was not defective, and said: "This is not a civil action for possession. Ownership is alleged only to identify the property, and is sufficiently proved by showing occupancy."

In *S. v. Daniel,* 121 N.C. 574, 28 S.E. 255, the indictment was as follows: ". . . that Lockett Daniel . . . at and in the county aforesaid, a certain building, to wit: a stable, then and there situate, the property of Elizabeth F. Satterwhite and others, wantonly, wilfully, and feloniously did set fire to and burn, . . ." As to the sufficiency of the bill of indictment, this Court said: "The prisoner is indicted for setting fire to a stable in Granville County, then and there situate, etc., 'the property of Elizabeth F. Satterwhite and others.' He moved in arrest of judgment, be-

cause it was not charged, instead, that the stable was 'in possession of' some person named. The offence is set out in *Code* ... and it is not made a requisite thereby that the building set fire to shall be either 'the property of' or 'in possession of' any one. The constituent element of the offence is 'the wilful and wanton' setting fire to any building of the kind therein named. The allegation of its being 'the property of' A. is for purposes of identification only. . . . to give the prisoner sufficient notice to prepare his defence, and enable him to plead former conviction or former acquittal to a second indictment for the same offence. An allegation that the stable was 'in possession of' A. would have been sufficient, or so might other apt words, sufficient for identification of the building charged to have been set fire to. In statutory offences for burning, the property may be described as 'belonging to,' 'the property of,' 'owned by,' 'in possession of,' or simply 'of,' a person named. 1 McClain, Cr. Law, Sec. 529."

In *S. v. Long*, 243 N.C. 393, 90 S.E. 2d 739, the bill of indictment charged that the defendant unlawfully, wilfully and feloniously set fire to and burned the dwelling house of Mrs. Dan Wheatley, the same being unoccupied at the time of the burning. *Held:* "In our opinion, the bill of indictment properly charges the burning of an 'uninhabited house' . . ."

From the foregoing decisions it appears that an allegation of ownership or of possession suffices to meet the requirements of identity. In the instant case there is no allegation of ownership or of possession, or any other descriptive language tending to give the building a fixed location; and no doubt there are hundreds of buildings in Buncombe County which answer to the general description of the building mentioned in the indictment. The bill fails to meet minimum requirements as to identity of the offense attempted to be charged. It is fatally defective. The defendants' motions in arrest of judgment should have been allowed. Decision here reached does not bar prosecution of the defendants under G.S. 14-62. The solicitor, if so advised, may proceed under a new bill of indictment.

Judgment arrested.