STATE v. CLARKE EUGENE PAYNE.
AND
STATE v. WILLARD RAY MARTIN, JR.

(Filed 25 November, 1964.)

**Criminal Law § 25—**

Since a plea of *nolo contendere* will support the same punishment as a plea of guilty, it comes within the purview of G.S. 15-4.1 requiring the court to warn and advise an accused who is without counsel of the consequences of the plea.

APPEALS by defendants from *Crissman, J.,* June, 1964 Session, ROWAN Superior Court.

The defendants were jointly indicted and tried for obtaining from Foodtown, Inc., and from Linda Helms $37.50, money and merchandise, in return for a worthless check drawn on the Wachovia Bank & Trust Company with intent to defraud in violation of G.S. 14-106. With respect to the arraignment, the record of the trial contains the following:

"Solicitor thereupon called (each defendant) to the Solicitor's table and the Court Reporter made the following record: (As regards counsel): Upon inquiry of the Court as to the ability of employing counsel, Willard Ray Martin, Jr., and Tony Ray Martin stated to the Court that they had the money in a guardianship fund for counsel. Upon investigation, the Court found that Clarke Eugene Payne was able to employ counsel and was not indigent.

"(As regards pleas): The defendants were charged with obtaining money under false pretense that check was good, under the misdemeanor statute - - - EXCEPTION #3.

"Each of the defendants tendered to the Court a PLEA OF NOLO CONTENDERE to obtaining property in return for worthless check (14-106)."

As to each defendant, the court entered this judgment:

"The defendant comes into Court and pleads *Nolo Contendere* to obtaining property in return for a worthless check which plea is accepted by the Solicitor on behalf of the State. Thereupon it is considered, ordered and adjudged by the Court that the defendant be confined in the Common Jail of Rowan County for a term of 18 months to 24 months and assigned to work under the supervision of the State Highway and Public Works Commission."

Each defendant gave notice of appeal.

*T. W. Bruton, Attorney General, Theodore C. Brown, Asst. Attorney General for the State.*
*Graham M. Carlton for defendant appellants.*

HIGGINS, J. In the trial, neither defendant was represented by counsel. The court made inquiry and ascertained the defendant Payne was not indigent and that the defendant Martin, though a minor, had access to guardian funds and hence was not indigent. The court refused to appoint counsel. Upon arraignment, each defendant was called by the solicitor to his table and each thereafter tendered a plea of *nolo contendere* which the solicitor accepted. The record fails to disclose any explanation as to the meaning of the plea or the possible consequences which the plea involved.

The defendants being without counsel, G.S. 15-4.1 required the court to "inform the accused of the nature of the charge and the possible consequences of his plea, and as a condition of accepting the plea of guilty the judge shall examine the defendant and shall ascertain that the plea was freely, understandably and voluntarily made, without undue influence, compulsion or duress, and without promise of leniency . . ." Ch. 1080, § 1, Session Laws 1963.

A plea of *nolo contendere*, although not strictly a confession of guilt, nevertheless will support the same punishment as a plea of guilty. The rule of strict construction in favor of an accused, therefore, requires that a plea of *nolo contendere* be treated as a plea of guilty in so far as the right to be examined by the judge and to be informed as to the consequences of such plea.

The Attorney General's brief closes with this paragraph:

"The record does not reflect an examination by the Court of the defendant as to whether he knew or understood what his plea of *'nolo contendere'* meant, nor whether he knew or understood what jail term or fine could be imposed as a result of his plea."

On account of the court's failure to warn and advise the defendants of the consequences of their pleas, the same are set aside and the judgments thereon are vacated. The cases will be remanded to the Superior Court of Rowan County for a

New trial.