STATE v. JACK SELLERS.

(Filed 8 May 1968.)

**1. Criminal Law § 127—**

A motion in arrest of judgment on the ground the indictment is fatally defective may be made for the first time in the Supreme Court on appeal.

**2. Burglary and Unlawful Breakings § 3—**

In an indictment under G.S. 14-54, the building allegedly broken and entered must be described sufficiently to show that it is within the language of the statute and to identify it with reasonable particularity so that defendant may prepare his defense and plead his conviction or acquittal as a bar to further prosecution for the same offense.

**3. Same—**

An indictment charging a non-burglarious breaking and entry of "a certain storehouse, shop, warehouse, dwelling and building" occupied by a named corporation is not fatally defective in failing to identify the type of structure broken into, although the better practice is to identify the subject premises by some clear description and designation to set the subject premises apart from like and other structures set forth in G.S. Chapter 14, Art. 14, defendant's remedy being a motion for a bill of particulars if he desires more information as to the identity of the building.

**4. Indictment and Warrant § 7—**

The signature of the prosecuting officer is not essential to the validity of a bill of indictment.

**5. Criminal Law § 25—**

A plea of *nolo contendere* admits for the purpose of the particular case all the elements of the offense charged and gives the court power to sentence the defendant for such offense, and no other proof of guilt is required.

**6. Same—**

A plea of *nolo contendere* will support the same punishment as a plea of guilty.

APPEAL by defendant from *Snepp, J.,* September 1967 Criminal Session of MECKLENBURG.

Defendant was prosecuted on the following bill of indictment:

"THE JURORS FOR THE STATE UPON THEIR OATH PRESENT, That Jack Sellers, late of the County of Mecklenburg, on the 2nd day of July, 1967, with force and arms at and in the County aforesaid, a certain storehouse, shop, warehouse, dwelling house and building occupied by one Leesona Corporation, a corporation being well kept, unlawfully, willfully and feloniously did break and enter with intent to steal, take and carry away the merchandise, chattels, money, valuable securities of the value of more than $200.00, of the said Leesona Corporation against the form of the Statute in such case made and provided and against the peace and dignity of the State."

Defendant was represented by Charles V. Bell who was privately employed by him. Defendant entered a plea of *nolo contendere.* After defendant entered a plea of *nolo contendere,* he was sworn and made the following answers to the questions propounded to him by the court:

"1. Are you able to understand my statements and questions?

ANSWER: Yes.

STATE *v.* SELLERS.

"2. Are you under the influence of any alcohol, drugs, narcotics or other pills? .

ANSWER: No.

"3. Do you understand what you are charged with in this Case?

ANSWER: Yes.

"4. Do you understand that upon your plea of *Nolo Contendere* you could be imprisoned for as much as ten (10) years?

ANSWER: Yes.

"5. Has the Solicitor, or your lawyer, or any policeman, law officer or anyone else, made any promise to you to influence you to plead *Nolo Contendere* to this case?

ANSWER: No.

"6. Has the Solicitor, or your Lawyer, or any policeman, law officer or anyone else made any threat to you to influence you to plead *Nolo Contendere* in this case?

ANSWER: No.

"7. Have you had time to confer and have you conferred with your Lawyer about this case?

ANSWER: Yes.

"8. Do you authorize and instruct your Lawyer to enter a plea of *Nolo Contendere?*

ANSWER: Yes.

"9. How do you plead to the charge?

ANSWER: *Nolo Contendere.*

"10. Have these questions been read to you and explained to you?

ANSWER: Yes.

"I have read or heard all the above questions and answers, and the answers shown are the ones that I gave in open court, and they are true and correct.

/s/ JACK SELLERS

"Subscribed and sworn to
before me, this..............day
of..............................., 1967.

..............................................
          Notary Public
My Commission Expires:
Charles V. Bell, Attorney

/s/ RALEIGH L. PITTS
Clerk Superior Court,
Mecklenburg County,
North Carolina."

After this affidavit had been executed by defendant, the judge filed among the papers of the case the following statement signed by himself:

"1. That the above-named defendant was sworn in open court and the questions were asked him as set forth in the foregoing transcript, and the answers given thereto by the said defendant are as set forth therein.

"2. That the defendant Jack Sellers was represented by Charles V. Bell, who was privately employed, pleaded *Nolo Contendere* to the felony, Felonious Breaking and Entering, as charged in the Bill of Indictment, and in open Court, under oath, further informs the Court that he is and has been:

(1)  fully advised of his rights and the charges against him;

(2)  the maximum punishment for said offense charged, and for the offense to which he pleads *Nolo Contendere;*

(3)  that he is guilty of the offense to which he pleads *Nolo Contendere;*

(4)  that he authorizes his attorney to enter a plea of *Nolo Contendere* to said charge;

(5)  that he has ample time to confer with his attorney, and to subpœna witnesses desired by him;

(6)  that he is ready for trial;

(7)  that he is satisfied with the counsel and services of his attorney.

"And after further examination by the Court, the Court ascertains, determines and adjudges that the plea of *Nolo Contendere* by the defendant is freely understandingly and voluntarily made, and was made without undue influence, compulsion or duress, and without promise of leniency. It is therefore ordered that his plea of *Nolo Contendere* be entered in the record, and that this transcript and adjudication be filed herein."

From a judgment of imprisonment for a term of not less than six years, defendant appeals.

*Attorney General T. W. Bruton and Assistant Attorney General Bernard A. Harrell for the State.*
*Charles V. Bell for defendant appellant.*

PARKER, C.J. Defendant did not make a motion in the trial court for arrest of judgment on the ground the indictment was defec-

tive. For the first time in this Court he moved "for arrest of judgment on the ground that the identity of the building alleged to have been broken and entered into by the defendant is not alleged with reasonable particularity to enable the defendant to plead his plea of 'nolo contendere' as a bar to further prosecution for the same offense." A motion in arrest of judgment predicated upon some fatal error or defect appearing on the face of the record proper may be made at any time in any court having jurisdiction of the matter. This is true even though the motion is made for the first time in the Supreme Court at the hearing of the appeal from the judgment of the Superior Court. *S. v. Johnson*, 226 N.C. 266, 37 S.E. 2d 678; *S. v. Bradley*, 210 N.C. 290, 186 S.E. 240; *S. v. Baxter*, 208 N.C. 90, 179 S.E. 450; *S. v. McKnight*, 196 N.C. 259, 145 S.E. 281; *S. v. Marsh*, 132 N.C. 1000, 43 S.E. 828.

The indictment is based upon the following language of G.S. 14-54:

"If any person, with intent to commit a felony or other infamous crime therein, shall break or enter either the dwelling house of another otherwise than by a burglarious breaking; or any storehouse, shop, warehouse, bankinghouse, countinghouse or other building where any merchandise, chattel, money, valuable security or other personal property shall be; or any uninhabited house, he shall be guilty of a felony, and shall be imprisoned in the State's prison or county jail not less than four months nor more than ten years. Where such breaking or entering shall be wrongfully done without intent to commit a felony or other infamous crime, he shall be guilty of a misdemeanor."

The indictment in the instant case charges a felonious breaking and entry into "a certain storehouse, shop, warehouse, dwelling house and building occupied by one Leesona Corporation, a corporation. . . ."

This is said in 42 C.J.S. Indictments and Informations § 166:

"It is a well settled rule of criminal pleading that, when an offense against a criminal statute may be committed in one or more of several ways, the indictment or information may, in a single count, charge its commission in any or all of the ways specified in the statute. So, where a penal statute mentions several acts disjunctively and prescribes that each shall constitute the same offense and be subject to the same punishment, an indictment or information may charge any or all of such acts conjunctively as constituting a single offense."

See also *S. v. Davis*, 203 N.C. 47, 164 S.E. 732, cert. den. 287 U.S. 645, 77 L. Ed. 558; 27 Am. Jur. Indictments and Informations § 104.

This is said in *S. v. Williams,* 210 N.C. 159, 185 S.E. 661:

" 'As a general rule, it is sufficient in framing an indictment upon a statute to use the very words of the statute; but this rule is not without exception, for where a statute, in enumerating offenses, charging intent, etc., uses the disjunctive *or,* it is common to insert the conjunctive *and* in its stead in the bill of indictment, for alternative or disjunctive allegations make the bill bad for uncertainty. . . . It is common to insert several counts in order to meet the different views which may be presented by the evidence, but alternative allegations in the same count make it bad for uncertainty.' *S. v. Harper,* 64 N.C. 129."

*S. v. Knight,* 261 N.C. 17, 134 S.E. 2d 101, was a criminal prosecution on a three-count indictment charging the defendants with (1) non-burglariously breaking and entry, (2) larceny of a metal safe, of $75,000 in U. S. currency, and of stock and securities of the value of $100,000, and (3) receiving. The defendants pleaded not guilty. From a verdict of guilty and a sentence of imprisonment, they appealed to the Supreme Court. Defendants assigned as error the denial of their motion to quash the indictment, made in apt time before pleading to the indictment. They contended that the indictment should be quashed for this reason, *inter alia,* that the first count charges them with a non-burglariously breaking and entry into "a certain storehouse, shop, warehouse, dwelling house and building occupied by one Dr. D. W. McAnally," etc., which does not give them any specific information as to the type of structure they are charged with breaking into. The Court held that this assignment of error was without merit. In its language the Court said:

"The first count charging a non-burglariously breaking and entry charges the breaking and entry into certain buildings specified in G.S. 14-54, which creates the offense. The first count in the indictment charges all the essential ingredients of the offense created by G.S. 14-54, and is good. Where an indictment correctly charges all the essential elements of the offense, but is not as definite as the defendant may desire for his better defense, his remedy is by a motion for a bill of particulars, G.S. 15-143, and not by a motion to quash. *S. v. Everhardt,* 203 N.C. 610, 166 S.E. 738. When a bill of particulars is furnished, it limits the evidence to the transactions or items therein stated. *S. v. Williams,* 211 N.C. 569, 190 S.E. 898."

The exact point presented on this appeal was presented in *S. v. Burgess,* 1 N.C. App. 142, 160 S.E. 2d 105, in an opinion filed 27

March 1968. In that case the defendant was charged in a bill of indictment with the felony of breaking and entering a certain storehouse, shop, warehouse, dwellinghouse, bankinghouse, countinghouse and building occupied by one Dreame A. Glover wherein merchandise, *et cetera,* were being kept, and in a second count with the felony of larceny. Defendant, through his counsel, tendered a plea of guilty to the felonies of housebreaking and larceny as set forth in the bill of indictment. From a sentence of imprisonment, defendant appealed. In its opinion the Court said:

> "In an addendum to his brief, defendant contends that the indictment is fatally defective for that it does not properly identify the premises, and he makes a motion in arrest of judgment. The first count in the indictment charges that the defendant did feloniously break and enter 'a certain storehouse, shop, warehouse, dwelling house, bankinghouse, countinghouse and building occupied by one Dreame A. Glover. . . .'
>
> "We think that this case is clearly distinguishable from the case of *State v. Smith,* 267 N.C. 755, 148 S.E. 2d 844, relied on by the defendant. In the *Smith* case the court held that the description of the property in the bill of indictment, 'a certain building occupied by one Chatham County Board of Education, a Government corporation,' was fatally defective because under the general description of ownership, it could have been any school building or property owned by the Chatham County Board of Education. Obviously, the Board of Education of Chatham County owns more than one building. The ownership of the personal property in this case is alleged to be in an individual and the premises described, among other things, as the dwelling house occupied by Dreame A. Glover. *In the light of the growth in population and in the number of structures (domestic, business and governmental), the prosecuting officers of this State would be well advised to identify the subject premises by street address, highway address, rural road address or some clear description and designation to set the subject premises apart from like and other structures described in G.S. Chap. 14, Art. 14.* Nevertheless, in this case we hold that the indictment sufficiently described and designated the premises. The defendant's motion in arrest of judgment on the first count is denied." (Emphasis ours.)

We approve of the language of the Court of Appeals emphasized in the above quotation in respect to the particular identification of the building alleged to have been broken into and entered.

The facts in *Wright v. Commonwealth,* 155 Ky. 750, 160 S.W. 476, are not on all-fours, but are apposite. At the November term, 1912, an indictment was returned by the grand jury of Graves County, Kentucky, accusing B. W. Wright, L. A. Perkins, and Wood Gordon of the crime of banding themselves together for the felonious purpose of burning a warehouse and tobacco house, in pursuance of which conspiracy they did set fire to and burn and destroy a "warehouse and tobacco house," which was the property of G. R. Allen and W. A. Usher, and which was in the possession of B. W. Wright, who was doing business for himself and V. E. Allen, and upon which warehouse and tobacco house there was at the time insurance. The Court in its opinion said:

"His first ground of complaint is that the indictment is defective. The indictment charges the burning of 'a warehouse and tobacco house belonging to G. R. Allen and W. A. Usher, and occupied by B. W. Wright, who was doing business for B. W. Wright and V. E. Allen.' So far as this record shows there was but one building answering this description, and that is the one for the burning of which appellant was indicted. He argues that the indictment charges two separate offenses in using the words 'warehouse and tobacco house'; that he was charged with burning two separate and distinct buildings. But the language of the entire description should be considered. The building which was burned was used for the storage of tobacco. It was both a tobacco house and a warehouse. Webster defines the latter as 'a storehouse for wares or goods.' This was a storehouse for tobacco — a tobacco warehouse. Appellant was entitled to be informed of the nature and cause of the accusation against him; and such certainty was required in the indictment as would enable him to prepare for trial, and to know exactly what he had to meet. This requirement, we think, the indictment herein conformed to in all respects. Appellant could not have been misled by the words 'warehouse and tobacco house,' for the same were qualified by the further description, 'belonging to G. R. Allen and W. A. Usher, and occupied by B. W. Wright, who was doing business for B. W. Wright and V. E. Allen.' Appellant knew without doubt what building he was charged with burning. He has failed to show how he was or could have been misled by this description of the building which was burned, and we are unable to understand how he could have been prejudiced thereby. Taking the indictment in its entirety, we think appellant's contention in that respect is without merit."

In *Ciccarelli v. People,* 147 Colo. 413, 364 P. 2d 368, reh. den. 11 September 1961, defendant was charged with the burglary of the Fred Harsch Lumber Co. of Longmont, Colorado. Following a jury verdict of guilty and a sentence of imprisonment, defendant appealed. The opinion of the Court states:

> "The information charged that the defendant did '* * * break and enter the office, shop and warehouse of Fred Harsch, with intent then and there to commit therein the crime of larceny.'
>
>             *           *           *
>
> "Although the information would appear to have been drafted with reference to the old statute, it nevertheless sufficiently describes the offense of burglary. The amendment to C.R.S. '53, 40-3-6 (1957 Supp.) had a curative purpose. It was designed to broaden, not to restrict the scope of the offense. It now declares that any 'building, railroad car, or trailer' can be the subject of a burglary. The present information alleges that the defendant did break and enter an office, shop and warehouse. Therefore, the question is whether this language served to describe the Fred Harsch Lumber Company. In answering this question, we note that our decisions hold an information to be sufficient if it advises the defendant of the charges he is facing so that he can adequately defend himself and be protected from further prosecution for the same offense. *Johnson v. People,* 110 Colo. 283, 133 P. 2d 789; *People v. Warner,* 112 Colo. 565, 151 P. 2d 975.
>
> "In *Sarno v. People,* 74 Colo. 528, 223 P. 41, it was held that the information need not charge in the exact language of the statute; that the information is sufficient if the charge is in language from which the nature of the offense may be readily understood by the accused and jury.
>
> "To the same effect are *Tracy v. People,* 65 Colo. 226, 176 P. 280 and *Wright v. People,* 116 Colo. 306, 181 P. 2d 447.
>
> "In the case at bar, there is ample evidence establishing that the lumber company structure here involved was a building, and we must also conclude that an office, shop and warehouse describes a building. We are unable, therefore, to perceive that any prejudice arose from this discrepancy in wording. Consequently, this contention is of the trivial technical character which we have on numerous occasions held to be nonprejudicial. *Compton v. People,* 84 Colo. 160, 268 P. 577; *Grandbouche v. People,* 104 Colo. 175, 89 P. 2d 577; *Rogers v. People,* 104 Colo. 594, 94 P. 2d 453."

In an indictment under G.S. 14-54 punishing the breaking and entering of buildings, a building must be described as to show that it is within the language of the statute and so as to identify it with reasonable particularity so as to enable the defendant to prepare his defense and plead his conviction or acquittal as a bar to further prosecution for the same offense. *S. v. Banks,* 247 N.C. 745, 102 S.E. 2d 245; 12 C.J.S. Burglary § 35(e). The indictment here charges all the essential elements of the offense created by G.S. 14-54 in substantially the language of part of the statute and is good. *S. v. Wilson,* 270 N.C. 299, 154 S.E. 2d 102; *S. v. Brown,* 266 N.C. 55, 145 S.E. 2d 297; *S. v. Vines,* 262 N.C. 747, 138 S.E. 2d 630; *S v. Knight, supra; S. v. Mumford,* 227 N.C. 132, 41 S.E. 2d 201; *S. v. Goffney,* 157 N.C. 624, 73 S.E. 162; *S. v. Burgess, supra.* Defendant could not have been misled by the words "a certain storehouse, shop, warehouse, dwelling house and building," for the same were qualified by the further specific description "occupied by one Leesona Corporation, a corporation." Undoubtedly, a storehouse, a shop, a warehouse, and a dwelling describe a building. Reading the indictment it does not charge the defendant with feloniously breaking into several separate buildings because the one building broken into is specifically described as "occupied by one Leesona Corporation, a corporation." Defendant apparently knew without a doubt what building he was charged with breaking and entering, because he was present with his counsel, who was a lawyer of large experience in criminal cases, and pleaded *nolo contendere.* If the defendant or his counsel had been in doubt as to the identity of the building he was charged with having feloniously broken into and entered, he could have called for a bill of particulars. Defendant relies solely upon the case of *S. v. Banks, supra,* which was an arson case. In the *Banks* case the bill of indictment was clearly defective in that there was no allegation of ownership or of possession, or any other descriptive language tending to give the building a fixed location. In the *Banks* case the Court said this: "From the foregoing decisions it appears that an allegation of ownership or of possession suffices to meet the requirements of identity." Nothing we have said in this opinion is at variance with what is held in the *Banks* case. In our opinion the indictment with its language "occupied by one Leesona Corporation, a corporation" suffices to give the defendant sufficient notice to have prepared his defense if he had pleaded not guilty instead of *nolo contendere* and to enable him to plead former conviction or former acquittal to a second indictment for the same offense, and the indictment supports the sentence of imprisonment. Defendant's motion in arrest of judgment is overruled.

According to the record before us the indictment is not signed by the prosecuting officer or by anyone, but this is not mentioned in defendant's brief. According to the record before us made up by the defendant, it is stated, "This bill was returned: A 'True Bill.'" There is no statute in North Carolina requiring the signature of the solicitor to an indictment. It is not essential in this jurisdiction to the validity of the indictment that it should be signed by the prosecuting officer. *S. v. Doughtie,* 238 N.C. 228, 77 S.E. 2d 642; *S. v. Shemwell,* 180 N.C. 718, 104 S.E. 885; *S. v. Arnold,* 107 N.C. 861, 11 S.E. 990; *S. v. Mace,* 86 N.C. 668; *S. v. Vincent,* 4 N.C. 105.

This is said in 42 C.J.S. Indictments and Informations § 56:

"In the absence of statute it is generally held that while it is proper, and the better practice, for the prosecuting attorney to sign the indictment, the signature of the public prosecutor or someone acting for him to an indictment or special presentment forms no part of it and is not essential to its validity, and that, where an indictment is signed by anyone without authority, the signature is mere surplusage and cannot vitiate it."

The burden is on the defendant to prepare the statement of the case on appeal and to show, if he can, error. G.S. 1-282. The defendant has not seen fit to place in the record any of the evidence in the case, if evidence was introduced. Defendant entered a plea of *nolo contendere.* A plea of *nolo contendere* will support the same punishment as a plea of guilty. *S. v. Payne,* 263 N.C. 77, 138 S.E. 2d 765; *S. v. Cooper,* 238 N.C. 241, 77 S.E. 2d 695; *S. v. Burnett,* 174 N.C. 796, 93 S.E. 473. Even if no evidence was offered by the State, it was not incumbent upon the State to offer proof of defendant's guilt. This is so because his plea of *nolo contendere* admits for the purpose of the particular case all the elements of the offense charged against the defendant and gives the court complete power to sentence the defendant for such offense. *S. v. Cooper, supra; S. v. Beasley,* 226 N.C. 580, 39 S.E. 2d 607; *S. v. Ayers,* 226 N.C. 579, 39 S.E. 2d 607; 22 C.J.S. Criminal Law § 425(4). Incidentally, a plea of guilty also relieves the prosecution of the duty to prove the facts. *S. v. Miller,* 271 N.C. 611, 157 S.E. 2d 211; *S. v. Wilson,* 251 N.C. 174, 110 S.E. 2d 813; 21 Am. Jur. 2d Criminal Law § 495; 22 C.J.S. Criminal Law § 424(4).

The judgment of the lower court is
Affirmed.