### STATE v. TONY HAMPTON.

(Filed 15 June, 1936.)

**1. Criminal Law I k—**

Where there are several counts in the bill of indictment, and the verdict does not refer to one or more of them, the verdict amounts to an acquittal upon the counts not referred to.

**2. Criminal Law A b—**

The solicitation of another to commit a felony is a crime, although the solicitation is of no effect, and the crime is not committed, the common law rule being in effect and controlling.

**3. Common Law A a—**

So much of the common law as is not destructive of, repugnant to, or inconsistent with our form of government, and which has not been repealed or abrogated by statute or become obsolete, is in full force and effect in this jurisdiction. C. S., 970.

APPEAL by defendant from *Shaw, Emergency Judge,* at November Special Term, 1935, of ROCKINGHAM.

Criminal prosecution, tried upon indictment charging the defendant (1) with attempting to burn the dwelling house of one Lottie Wells, in violation of C. S., 4246; and (2) with soliciting Glenn Haymour to burn said dwelling house by proffering him a pistol as a reward for his act, and offering to furnish the matches and oil needed in the burning.

There was evidence tending to show a dispute between the defendant and Lottie Wells over the title to her dwelling house. Failing to adjust the matter amicably, the defendant, on 28 June, 1935, solicited Glenn

Haymour to set fire to the house by offering him a pistol as a reward for his act, and also offering to furnish matches and oil for said use. Haymour, a boy fifteen years of age, declined the offer and reported the conversation to the officers, who arrested the defendant.

Verdict: "Guilty of soliciting the commission of a felony, as charged in the second count."

Judgment: Twelve months on the roads.

Defendant appeals, assigning errors.

*Attorney-General Seawell and Assistant Attorney-General McMullan for the State, appellee.*

*P. W. Glidewell, Karl Massey, and T. C. Bethea for defendant, appellant.*

STACY, C. J. The defendant, being disgruntled with his neighbor, solicits another to burn her dwelling house. The solicitation is spurned. Is the defendant guilty of a crime?

It is observed the defendant has been acquitted on the charge of attempting to burn the dwelling house in question. C. S., 4246; *S. v. Addor,* 183 N. C., 687, 110 S. E., 650. It was said in *S. v. Taylor,* 84 N. C., 773, that where there are several counts in a bill, "if the jury find the defendant guilty on one count and say nothing in their verdict concerning the other counts, it will be equivalent to a verdict of not guilty as to them." This was quoted with approval in *S. v. Fisher,* 162 N. C., 550, 77 S. E., 121, and is very generally held for law. See, also, *S. v. Sorrell,* 98 N. C., 738, 4 S. E., 630. The principle should not be confused with the practice, authorized by C. S., 4640, which permits the conviction of a "less degree of the same crime" when included in a single count. *S. v. Wall,* 205 N. C., 659, 172 S. E., 216; *S. v. Gregory,* 203 N. C., 528, 166 S. E., 387.

The defendant is not charged with conspiracy, which is a completed offense without execution of the unlawful design. *S. v. Anderson,* 208 N. C., 771. Nor is he charged with "counseling, procuring, or commanding" another to commit a felony, nor with being an accessory before the fact, an accomplice, or a principal in the second degree. C. S., 4175; *S. v. McKeithan,* 203 N. C., 494, 166 S. E., 336.

It is conceded that we have no statute covering the precise question or the particular situation. The inquiry then arises: Is it a substantive common-law offense to solicit another to commit a felony, when the solicitation is of no effect, and the crime solicited is not in fact committed? By the clear weight of authority, the question must be answered in the affirmative. *Commonwealth v. Flagg,* 135 Mass., 545 (solicitation to burn barn); *S. v. Schleifer,* 99 Conn., 432, 121 Atl., 805,

35 A. L. R., 952 (solicitation from public platform to murder and rob);
*Wiseman v. Commonwealth,* 143 Va., 631, 130 S. E., 249 (solicitation
to embracery); *S. v. Bowers,* 35 S. C., 262, 14 S. E., 488, 28 A. L. R.,
847, 15 L. R. A., 199 (solicitation to burn dwelling house); 16 C. J.,
117; 8 R. C. L., 350. The facts in the last cited case from South Caro-
lina are identical in principle with those in the case at bar. True, it
was held in the *Bowers case, supra,* that soliciting one to set fire to the
dwelling house of another and giving him matches for that purpose,
besides offering him a reward, although the matches were not so used
and the offer was rejected, constituted an attempt to commit the crime
of arson, but it was also held that solicitation within itself was a separate
indictable offense at common law.

The defendant's contention that the interposition of a resisting will
between his bare solicitation, on the one hand, and the proposed illegal
act, on the other, afforded him an opportunity to resort to the *locus
penitentiæ* of the law, cannot avail, because the solicitation was com-
plete before the resisting will of another had refused its assent and co-
operation. Wharton Crim. Law, 179.

It is provided by C. S., 970, that so much of the common law "as is
not destructive of, or repugnant to, or inconsistent with, the freedom
and independence of this State, . . . not abrogated, repealed, or
become obsolete," is in full force and effect in this jurisdiction. *Speight
v. Speight,* 208 N. C., 132, 179 S. E., 461.

The verdict and judgment must be upheld. It is so ordered.

No error.