HEDRICK, Judge.

STATE OF NORTH CAROLINA v. ROBERT LEE JOHNSON

No. 7421SC434

(Filed 19 June 1974)

1. **Criminal Law § 66— identification in hospital emergency room — in-court identification — independent origin**

The evidence supported the trial court's determination that a robbery victim's in-court identification of defendant was of independent origin and was not tainted by the victim's identification of defendant in a hospital emergency room where it tended to show that the victim got a good look at defendant at the time of the robbery, that the robbery occurred in broad daylight, and that the victim had seen defendant on several occasions prior to the robbery.

2. **Criminal Law § 34— common law robbery — evidence defendant was arrested for carrying concealed weapon — harmless error**

   In this prosecution for common law robbery, admission of an officer's testimony that he approached defendant because he fit the description given by the victim, searched him, discovered a hawkbill knife and arrested him for carrying a concealed weapon constituted harmless error in light of the State's evidence of defendant's guilt of the crime charged.

3. **Robbery § 5— common law robbery — instructions mentioning armed robbery and carrying concealed weapon**

   In a common law robbery prosecution wherein an officer testified he found a hawkbill knife during a search of defendant and arrested him for carrying a concealed weapon, the trial court did not err in instructing the jury that defendant was not being tried for armed robbery and carrying a concealed weapon.

APPEAL by defendant from *McConnell, Judge*, 28 January 1974 Session of Superior Court held in FORSYTH County.

This is a criminal action wherein the defendant, Robert Lee Johnson, was charged in a bill of indictment, proper in form, with common law robbery. Upon arraignment the defendant entered a plea of not guilty. The State offered evidence which tended to establish the following:

On the afternoon of 4 November 1973, the prosecuting witness, Edward Smith, was walking across a school lot when two men came up from behind him and threw him to the ground. After knocking him down and kicking him in the head, they took his wallet which contained two hundred dollars. The victim further testified that he recognized the defendant as being one of the two men who robbed him.

From a verdict of guilty as charged and judgment thereon imposing a sentence of not less than three (3) nor more than five (5) years, the defendant appealed.

*Attorney General Robert Morgan by Associate Attorney Kenneth B. Oettinger for the State.*

*D. Blake Yokley for defendant appellant.*

HEDRICK, Judge.

[1] Defendant, by his first assignment of error, asserts that the trial court committed error by allowing the in-court identification of defendant by the prosecuting witness. The trial court, following the established procedure, conducted a *voir dire* to

ascertain if the witness' in-court identification was of independent origin and not tainted by impermissibly suggestive out of court procedures.

Evidence elicited at this *voir dire* disclosed that the victim "got a good look" at defendant at the time of the alleged robbery; that the robbery occurred in broad daylight; and that the victim had seen defendant on several occasions prior to the alleged robbery. Further evidence tended to show that after the defendant was apprehended, he was taken to the emergency room of a local hospital and was identified there by the victim as the perpetrator of the crime.

At the completion of the *voir dire,* the trial court made findings of fact and concluded that the prosecuting witness' in-court identification was based upon his observation of the defendant at the time of the alleged robbery. The findings of the trial court are supported by competent evidence and thus are binding upon this court. *State v. Morris,* 279 N.C. 477, 481, 183 S.E. 2d 634, 637 (1971). Moreover, these findings support the conclusion that the in-court identification was of independent origin. Therefore, this assignment is without merit.

[2] By his next assignment of error the defendant maintains that the trial court erred in admitting into evidence certain testimony of a State's witness, Officer G. A. Floyd. The officer testified that he observed a subject matching the description given to him by the prosecuting witness and that he approached this man. Officer Floyd then testified that upon searching the subject, he discovered a hawkbill knife and arrested defendant for carrying a concealed weapon. Defendant contends that the admission of such testimony over his objection was prejudicial error.

Even conceding, *arguendo,* that the admission of this evidence was error and that it would have been technically correct to strike this particular portion of the officer's testimony, we are of the persuasion that admission of this evidence was mere technical error, not prejudicial error. "Where there is abundant evidence to support the main contentions of the state, the admission of evidence, even though technically incompetent, will not be held prejudicial when defendant does not affirmatively make it appear that he was prejudiced thereby or that the admission of the evidence could have affected the result." 3 Strong, North Carolina Index 2d, Criminal Law, § 196, p. 135.

---

**[3]**  Finally, defendant contends that the trial court committed error in its charge to the jury. The specific portions of the charge which are attacked as erroneous deal with the judge's instructions that the defendant was not being tried for armed robbery and carrying a concealed weapon. Although it would probably have been preferable that the able trial judge not mention these other offenses, we believe his only purpose in mentioning them was to clarify the issues for the jury and to make sure that the jury understood that those offenses were not involved in this case. Therefore, this assignment of error is without merit.

In the trial of defendant, we find no prejudicial error.

No error.

Judges BRITT and CARSON concur.