STATE OF NORTH CAROLINA v. IRVING SNEED, JR.

No. 785SC479

(Filed 3 October 1978)

1. **Burglary and Unlawful Breakings § 5.7— unlawful entry—only part of body in vehicle**

   The State's evidence supported a finding that defendant made an entry into a van within the meaning of G.S. 14-56 where it tended to show that defendant was standing on the street at the open door of the van with the upper part of his body in the van.

2. **Criminal Law § 34.2— testimony showing prior crime—absence of prejudice**

   Defendant was not prejudiced by a witness's testimony that defendant stated he didn't want to go back to court because he just got out of prison where the court sustained defendant's objection to the testimony, and defendant testified on direct examination that he had been convicted of common law robbery and was out on parole.

APPEAL by defendant from *Peel, Judge.* Judgment entered 26 January 1978 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 19 September 1978.

Defendant was indicted and tried on charges of breaking or entering a motor vehicle and felonious larceny.

The State offered evidence tending to show Anthony Ray Dorsey owned a 1972 Volkswagen van which contained a CB radio, tapes, and other personal property. About 4:00 p.m., 30 October 1977, he parked the van, locked it, and went into the house of Freda Hall. Curtis Hall, also called Chum Chum, wanted to talk on Dorsey's CB radio, and Dorsey loaned him the keys and let him sit inside the van. Chum Chum came back inside the house in a few minutes and got Dorsey. When Dorsey went outside, he saw two people sitting in the van and four or five others standing near the van. Dorsey saw the defendant on the driver's side of the van, "laying into" the van. The door was open, and the defendant was standing on the street with his upper body inside the van looking into the console box between the two front seats. The console contained personal property of Dorsey. Another person was seated in the driver's seat. Dorsey identified defendant in court as being the person he saw leaning into the van. Certain personal property of Dorsey was missing. Neither Dorsey nor Chum Chum gave anyone permission to enter the van.

Defendant's evidence tended to show that he came to the general area of the van that afternoon. He saw Chum Chum in the van. When Chum Chum went into the Hall house, two other guys went to the motor vehicle and one snatched out the CB radio and ran. Another guy was leaning into the van getting something out of it when Dorsey came out. The defendant was standing back of the van in the street when Dorsey came out. Defendant stated he did not get inside the van.

The jury returned a verdict of guilty of breaking or entering a motor vehicle and not guilty as to larceny. From a judgment imposing imprisonment, defendant appealed.

*Attorney General Edmisten, by Special Deputy Attorney General John R. B. Matthis and Assistant Attorney General Alan S. Hirsch, for the State.*

*William G. Hussmann, Jr., for defendant appellant.*

MARTIN (Harry C.), Judge.

[1] Defendant assigns as error the ruling by the trial court that the State's evidence supported a finding that an entry had been committed within the meaning of the applicable statute, N.C. Gen. Stat. 14-56. On this question, the State's evidence indicated defendant was standing on the street at the open door of the van with the upper part of his body inside the van. We do not find, nor have counsel referred us to, any North Carolina case defining "entry" as used in the offenses of breaking or entering, or burglary.

Black's Law Dictionary 627 (4th ed. rev. 1968) states: "In cases of burglary, the least entry with the whole or any part of the body, hand, or foot, or with any instrument or weapon, introduced for the purpose of committing a felony, is sufficient to complete the offense." Statements to the same effect are found in 13 Am. Jur. 2d Burglary § 10, 35 N.C. L. Rev. 101 (1956). It is not necessary that the party get his whole body into the house, and the least entry of any part of the body is sufficient. 12 C.J.S. Burglary § 10 (1972). In defining entry at the common law, Blackstone states:

As for the entry, any the least degree of it, with any part of the body, or with an instrument held in the hand, is suffi-

cient: as, to step over the threshold, to put a hand or a hook in at a window to draw out goods, or a pistol to demand one's money, are all of them burglarious entries.

IV W. Blackstone, Commentaries 227. So much of the common law as has not been abrogated or repealed by statute is in full force and effect in this state. N.C. Gen. Stat. 4-1; *State v. Hampton,* 210 N.C. 283, 186 S.E. 251 (1936). We hold that the State's evidence was sufficient for submission of the question to the jury as to whether an entry had been committed by the defendant. Defendant's other arguments concerning his motion for nonsuit are without merit. Defendant's second assignment of error is overruled.

Defendant objected to the following jury instruction by the court: "Leaning through an open door with the upper part of his body actually in the vehicle after the door has been opened by someone who did not have the authority or permission from the owner, or from Curtis Hall, to open the door, would be an entry." In applying the law as above stated concerning the meaning of entry to this instruction, we find no error. This assignment of error is overruled.

[2]  Defendant objected to the answer of the witness Dorsey to the question, "Did he [the defendant] say anything else to you?" Dorsey answered, "I don't want to have to go back to court because I just got out of prison." The trial judge immediately sustained the objection. Defendant's objection was general, it did not refer to N.C. Gen. Stat. 15A-910 which sets out remedies where State has failed to comply with discovery statutes. Defendant did not call this statute to the attention of the court, nor did he request any relief provided by the statute. Defendant, in answering his own lawyer's questions, testified he had been convicted of common law robbery and was on parole. There was no prejudicial error. *State v. Johnson,* 22 N.C. App. 183, 205 S.E. 2d 761 (1974).

We have examined defendant's remaining assignments of error and have found in them no merit. Both the State's evidence and the defendant's evidence support a finding that Dorsey's motor vehicle was broken or entered and his property stolen. Defendant contends he did not participate in the offenses. By its verdict the jury reconciled this question of credibility against the defendant.

No error.

Chief Judge BROCK and Judge CLARK concur.