State v. Nealy

STATE OF NORTH CAROLINA v. ALLEN W. NEALY AND ROBERT A. SMITH

No. 8314SC53

(Filed 1 November 1983)

1. **Burglary and Unlawful Breakings § 5.5— breaking or entering motor vehicle — sufficiency of evidence**

    The evidence was sufficient to support an "entry" into a vehicle where it tended to show that defendant Smith was squatting down and looking up under the hood, which the defendant Nealy was trying to raise, even though there was a chain lock on the hood which prevented it from being raised more than twelve to eighteen inches.

2. **Criminal Law § 158.2— silence of record on conference on jury instructions — presumption that judge acted properly**

    Where the record is silent as to whether the trial judge conducted a jury instruction conference as required by Rule 21 of the General Rules of Practice for the Superior and District Courts, it will be presumed that the trial court acted correctly.

3. **Criminal Law § 95— evidence properly admitted for restrictive purpose**

    In a prosecution for felonious breaking or entering of a motor vehicle, the trial court properly admitted evidence of a previous theft of a battery from the victim's car for the limited purpose of showing why the victim's car hood was chained down and could only be partially opened.

    Judge EAGLES dissenting.

APPEAL by defendants from *Godwin, Judge.* Judgment entered 17 August 1982 in Superior Court, DURHAM County. Heard in the Court of Appeals 27 September 1983.

The defendants were tried on a bill of indictment charging them with felonious breaking or entering of a motor vehicle in violation of G.S. 14-56. On 30 March 1982 the defendant Smith was seen in the Carriage House Apartments parking lot squatting down and looking up under the hood of a 1967 Chevrolet which belonged to John Dodd. His half-brother, the defendant Nealy, appeared to be attempting to raise the hood, which had been chained down. Nothing was discovered missing from the vehicle.

Robert Franklin, a detective for the Department of Public Safety and a part-time security person at the apartment complex, testified that at around 11:30 on the night in question he heard a car with a loud muffler drive through the apartment parking lot three times. He looked out of his window and saw the car driven by the defendant back into a parking space. The engine was then turned off, and the car remained parked for approximately three minutes. The driver then restarted the car and pulled forward to the center of the parking lot before parking next to other cars.

Franklin grabbed a service revolver and badge and went downstairs. He walked to his unmarked patrol car and, glancing to his left, saw the defendant at the car owned by John Dodd which was backed into a space so that the hood faced Franklin. He heard a clanging noise, later identified as resulting from the chain lock, and saw that the hood was raised 12 to 18 inches. The defendant Smith was squatting down, looking up under the hood, which the defendant Nealy was attempting to raise. Franklin then drove his car to the end of the lot and parked, blocking the entrance. He walked back toward the defendants who, after seeing him approaching them, left Dodd's car and walked slowly toward their own vehicle. As they began to climb into their car, Franklin yelled that he was a police officer and ordered them and two passengers in the car to lie face down on the pavement. He then placed them under arrest.

At the close of all the evidence, the defendants' motion for a directed verdict was denied. The jury found both defendants guilty of felonious breaking or entering a motor vehicle. The de-

fendant Nealy was sentenced to two years imprisonment as a regular youthful offender. The defendant Smith was sentenced to a two-year term, suspended for three years, as a committed youthful offender. He was fined $100 and placed on three years probation on the condition that he serve an active prison term of six months. Both defendants gave notice of appeal in open court on 17 August 1982.

*Attorney General Edmisten, by Assistant Attorney General Roy A. Giles, Jr., for the State.*

*John M. Bourlon and Richard C. Boyd for defendant-appellants.*

ARNOLD, Judge.

[1]   The defendants contend that there was no evidence of an "entry" into the vehicle in question, thus making improper the trial court's instruction to the jury that they could infer a larcenous intent from an unlawful breaking or entering. The mere fact that a chain lock prevented the hood from opening beyond 12-18 inches, however, does not preclude a finding that there was an entry. In fact, this Court has found an entry where the defendant was seen standing at the open door of a van with the upper part of his body leaning inside the vehicle. *State v. Sneed,* 38 N.C. App. 230, 247 S.E. 2d 658 (1978).

In *Sneed,* the Court quoted from Black's Law Dictionary as follows: "In cases of burglary, the least entry with the whole or any part of the body, hand, or foot, or with any instrument or weapon, introduced for the purpose of committing a felony, is sufficient to complete the offense." 38 N.C. App. at 231, 274 S.E. 2d at 659.

Although there is no testimony that either defendant was actually seen with a portion of his body under the hood of Dodd's car, Officer Franklin's testimony that the defendant Smith was squatting down and looking up under the hood, which the defendant Nealy was trying to raise, leads to the obvious conclusion that there was an entry. Certainly, when one raises the hood of a car he must first extend some portion of his hand beneath the hood to release the hood latch. We, therefore, find no error in the court's instruction.

Similarly, we reject the defendants' contention that the trial court erred in instructing the jury on what constitutes an entry. As noted previously, there was sufficient evidence of an entry, and the judge's instruction that "(t)he movement of a hand from the outside of an automobile opened hood to a position under the open hood would be an entering" was not error.

The defendants also contend that it was prejudicial error for the trial judge to comment before the jury that the defendants' lawyers had objected to the State's request to give additional instructions on intent. We disagree. While it may have been better practice to have simply noted the objections in the record, the defendants have failed to establish how they might have been prejudiced by the court's remarks. In no way do the judge's comments convey to the jury the "impression of judicial leaning." *See State v. Staley*, 292 N.C. 160, 166, 232 S.E. 2d 680, 684-85 (1977).

[2] It is further contended by the defendants that the trial judge violated Rule 21 of the General Rules of Practice for the Superior and District Courts by failing to hold a conference on jury instructions. There has been some question as to whether such a conference must be held at trial as a matter of right or whether it must only be held upon the request of one of the parties. The question was recently answered, however, by the Supreme Court of North Carolina in *State v. Bennett*, 308 N.C. 530, --- S.E. 2d --- (1983). In that case, the Court stated, "If either party to the trial desires a *recorded* instruction conference, G.S. 15A-1231(b) requires that party to make such a request to the trial judge. Absent such a request, G.S. 15A-1231(b) is silent and General Rule 21 supplements the statute by requiring the trial court to hold an *unrecorded* conference." 308 N.C. at 534, --- S.E. 2d at ---.

Although the defendants now contend that the trial judge erred in failing to hold a conference on jury instructions, there is nothing in the record to indicate that any such conference, whether recorded or unrecorded, was held. Where the record is silent as to whether a conference was in fact held, the defendant must hold himself accountable.

The defendant, as appellant, has the duty under Rule 11 to preserve the record on appeal. If there was no instruction conference held, the defendant could have sought a stipulation from the State pursuant to Rule 11(a) acknowledging the

State v. Nealy

trial court's failure in this regard. Had the State refused to agree to the stipulation, and objected to such a notation in the record, then the defendant could have requested that the trial judge settle the record on appeal pursuant to Rule 11(c).

*Id.* Where the record is silent, it will be presumed that the trial court acted correctly. *State v. Fennell*, 307 N.C. 258, 297 S.E. 2d 393 (1982).

[3] Finally, the defendants contend that the court erred in failing to rule on their motion in limine to exclude testimony concerning the previous theft of the battery from Dodd's car. Although the trial judge reserved his final ruling on the motion, he did state that evidence of the theft would be admissible for the limited purpose of showing why the hood was chained down and could be only partially opened. The State made no effort to show that either of the defendants was in any way responsible for the prior theft, but introduced the evidence merely to explain why the hood was not fully raised, as was permitted by the judge.

We have examined the defendants' remaining assignments of error and have found in them no merit.

No error.

Judge WELLS concurs.

Judge EAGLES dissents.

Judge EAGLES dissenting.

I would reverse the convictions. The statute under which defendants were convicted is intended to proscribe the breaking or entering of compartments of a motor vehicle in which property is customarily carried, i.e., the passenger compartment and the trunk area.

The evidence here at most established that defendants were looking in and were tampering with the automobile's hood which they could not raise because of a recently installed chain lock mechanism which prevented its being opened beyond a few inches.

The statute under which these defendants could have been properly charged is G.S. 20-107 which prohibits and punishes tampering with motor vehicles.