STATE OF NORTH CAROLINA v. THELMA RAY POLITE

No. 855SC941

(Filed 18 March 1986)

**Criminal Law § 10.1— solicitation to commit felony—elements of underlying felony —allegation not required**

> In charging one with soliciting another to commit a felony, it is not necessary to allege the elements of the crime solicited.

APPEAL by the State from *Barefoot, Judge*. Order entered 28 June 1985 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 11 February 1986.

*Attorney General Thornburg, by Associate Attorney General Abraham Penn Jones, for the State.*

*No brief filed for defendant appellee.*

PHILLIPS, Judge.

The State's appeal is from an order dismissing an indictment. The only question presented is whether in charging one with *so-*

*liciting* another to commit a felony it is necessary to allege the elements of the crime solicited. Such allegations are not necessary. Soliciting another to commit a felony has long been a misdemeanor at common law. *State v. Hampton*, 210 N.C. 283, 186 S.E. 251 (1936). The crime of solicitation does not depend upon another crime being committed; it consists of trying to get another to commit a crime. 22 C.J.S. *Criminal Law* Sec. 78 (1961); *State v. Furr*, 292 N.C. 711, 235 S.E. 2d 193 (1977). Thus, the indictment against defendant for soliciting two others to commit the crime of false pretenses does not have to allege, as the court ruled in dismissing it, that defendant obtained something of value. While obtaining something of value is an element of the crime of false pretenses, G.S. 14-100, it is not an element of the crime of soliciting another to commit that crime and the court erred in ruling that it is. The State urges us to also rule that soliciting one to commit the crime of false pretenses is an infamous misdemeanor under the provisions of G.S. 14-3(b) and upon conviction defendant can be sentenced as for a Class H felony as therein authorized. The invitation is declined. Since defendant has neither been tried, convicted, nor sentenced, whether she is to be sentenced under G.S. 14-3(b) or another sentencing statute must be left until another day, which may never come. It is sufficient for this day to just rule that she has been properly indicted for soliciting others to commit the felony of false pretenses and may now be tried on that indictment.

The order dismissing the solicitation indictment is herewith vacated. A three-count indictment charging defendant with false pretenses, which the court also dismissed by the same order, is not affected by this opinion, as that dismissal was not appealed.

Vacated.

Judges ARNOLD and EAGLES concur.