CHARLES E. CONLEY AND WIFE, ANNA M. CONLEY, CHARLES W. CONLEY AND WIFE, REGINA M. CONLEY, ROBERT D. CONLEY AND WIFE, PATRICIA A. CONLEY, WILLIAM V. CONLEY AND WIFE, JANET L. CONLEY, KATHERINE M. CONLEY, BRIAN Z. TAYLOR, GUARDIAN AD LITEM FOR STEPHANIE A. CONLEY, JAMES M. AYERS, II, GUARDIAN AD LITEM FOR MICHAEL W. CONLEY v. EMERALD ISLE REALTY, INC., HENRY B. INGRAM, JR., AND WIFE, LUCY G. INGRAM, KATHERINE J. INGRAM, ANNE M. INGRAM, HENRY B. INGRAM, III, ELIZABETH L. INGRAM

No. 358PA98

(Filed 9 April 1999)

1. **Landlord and Tenant— Residential Rental Agreements Act—inapplicability to vacation rental**

    The North Carolina Residential Rental Agreements Act, which obligates landlords to "make repairs and do whatever is necessary to put and keep the premises in a fit and habitable condition," does not apply to a rented beach cottage that is not the primary residence of the tenants. N.C.G.S. § 42-42(a)(2).

2. **Landlord and Tenant— common law—no duty by landlord to repair**

    Under the common law, a landlord is under no duty to make repairs and is not liable for personal injury caused by the failure to repair.

3. **Landlord and Tenant— vacation rental—suitable for occupancy—no implied warranty in North Carolina**

    North Carolina will not impose an implied warrant of suitability for occupancy on landlords and their agents who lease a furnished residence for a short term. Therefore, a landlord and its rental agent were not liable for injuries received by tenants and their guests when a deck collapsed at a beach cottage rented by the tenants for a two-week period.

    Justice FRYE concurring.

    Justice MARTIN did not participate in the consideration or decision of this case.

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, 130 N.C. App. 309, 502 S.E.2d 688 (1998), reversing and remanding an order entered by DeRamus, J., on 19 August 1997 in Superior Court, Carteret County. Heard in the Supreme Court 9 February 1999.

CONLEY v. EMERALD ISLE REALTY, INC.

[350 N.C. 293 (1999)]

*Sumrell, Sugg, Carmichael, Hicks & Hart, P.A., by Scott C. Hart, for plaintiff-appellees.*

*Dunn, Dunn, Stoller & Pittman, LLP, by David A. Stoller and Andrew D. Jones, for defendant-appellant Emerald Isle Realty, Inc.*

*Mason & Mason, P.A., by L. Patten Mason, for defendant-appellants Henry Jr., Lucy, Katherine, Anne, Henry III, and Elizabeth Ingram.*

LAKE, Justice.

The question presented for review is whether the Court of Appeals erred in reversing the trial court's order entering summary judgment for all defendants. In support of its decision, the Court of Appeals ruled that plaintiffs' forecast of the evidence could support a finding that defendants breached their implied warranty affirming that the premises was suitable for tenant occupancy. Since we decline to impose an implied warranty of suitability on landlords who lease a furnished residence for a short period, we reverse the decision of the Court of Appeals.

Plaintiffs made the following basic allegations in the complaint filed in this action. Plaintiffs are Charles and Anna Conley; their three sons, Charles, Robert and William; their sons' spouses, Regina, Patricia and Janet; and three of Charles and Anna's grandchildren. Defendants are the Ingram family (hereinafter "defendants Ingram") and also Emerald Isle Realty, Inc., a real-estate company located in Emerald Isle, which is in the business of renting beach condominiums and cottages. The subject property is the "Janus Cottage," an oceanfront house located in Emerald Isle and owned by defendants Ingram. Defendants Ingram listed their cottage for weekly rental through defendant Emerald Isle Realty. Defendant Emerald Isle Realty provided defendants Ingram with an itemized list of all maintenance work and repairs and consulted with defendants Ingram before the beginning of each tourist season with regard to recommended repair work for the cottage.

Plaintiffs William and Janet Conley rented the Janus Cottage through defendant Emerald Isle Realty for a two-week period during the summer of 1994. The rental was for the purpose of a family vacation. Even though only William and Janet Conley signed the rental agreement, all of the plaintiffs Conley were vacationing at the cot-

tage. After dinner on the night of 30 July 1994, the plaintiffs went onto the second-story deck on the sound side of the cottage to have their picture taken. Anna Conley had the camera and stood closest to the house. As the remaining members of the Conley family gathered for the photograph, the deck separated from the house. The deck then collapsed, causing the plaintiffs to fall from the second floor to a first floor deck, which also collapsed.

On 22 February 1996, plaintiffs instituted this action against defendant Emerald Isle Realty and defendants Ingram to recover damages for plaintiffs' injuries which resulted from the collapsed deck. On 6 August 1997, defendant Emerald Isle Realty and defendants Ingram filed separate motions for summary judgment. The motions were heard at the 18 August 1997 Civil Session of Superior Court, Carteret County. On 19 August 1997, the trial court entered an order granting both motions for summary judgment. Plaintiffs then appealed to the Court of Appeals.

The Court of Appeals reversed the trial court's order granting summary judgment. *Conley v. Emerald Isle Realty, Inc.*, 130 N.C. App. 309, 502 S.E.2d 688 (1998). Defendant Emerald Isle Realty and defendants Ingram each petitioned this Court for discretionary review. On 5 November 1998, this Court entered orders allowing discretionary review for all defendants.

Defendant Emerald Isle Realty and defendants Ingram contend that the Court of Appeals erred in reversing the trial court's order of summary judgment for defendants on the grounds that North Carolina has never imposed an implied warranty of suitability upon the lessor of a short-term leasehold. For the reasons stated herein, we agree.

[1] In the decision below, the Court of Appeals correctly noted that the North Carolina Residential Rental Agreements Act (the Act), codified at chapter 42, article 5 of the North Carolina General Statutes, does not apply to the facts of this case. *Conley*, 130 N.C. App. at 312, 502 S.E.2d at 690. The Act obligates landlords to "[m]ake all repairs and do whatever is necessary to put and keep the premises in a fit and habitable condition." N.C.G.S. § 42-42(a)(2) (Supp. 1998). However, the scope of the Act extends only to premises which are "normally held out for the use of residential tenants who are using the dwelling unit as their primary residence." N.C.G.S. § 42-40(2) (1994). The parties to the case at bar do not dispute that the rented beach cottage was not plaintiffs' primary residence.

**[2]** Since the Act specifically does not apply to short-term vacation rentals such as the one involved here, North Carolina's common law rules concerning the landlord-tenant relationship control. This Court has long applied the enactment of our legislature in this regard:

> All such parts of the common law as were heretofore in force and use within this State, or so much of the common law as is not destructive of, or repugnant to, or inconsistent with, the freedom and independence of this State and the form of government therein established, and which has not been otherwise provided for in whole or in part, not abrogated, repealed, or become obsolete, are hereby declared to be in full force within this State.

N.C.G.S. § 4-1 (1986); *see Gwathmey v. State,* 342 N.C. 287, 296, 464 S.E.2d 674, 679 (1995); *State v. Hampton,* 210 N.C. 283, 285, 186 S.E. 251, 252 (1936). The "common law" which we have held is to be applied in North Carolina "is the common law of England to the extent it was in force and use within this State at the time of the Declaration of Independence; is not otherwise contrary to the independence of this State or the form of government established therefor; and is not abrogated, repealed, or obsolete." *Gwathmey,* 342 N.C. at 296, 464 S.E.2d at 679. Historically, North Carolina has applied the rule of *caveat emptor* to landlord-tenant relations. *Robinson v. Thomas,* 244 N.C. 732, 736, 94 S.E.2d 911, 914 (1956). Therefore, under the common law, the "landlord is under no duty to make repairs." *Id.* In addition, "[t]he owner is not liable for personal injury caused by failure to repair." *Id.*

In the decision below, the Court of Appeals modified the common law by adopting an implied warranty of suitability as an exception to the common law rule. After noting that a landlord-tenant relationship exists when there is a short-term lease of furnished premises, the Court of Appeals stated:

> In recognizing this landlord-tenant relationship, however, [other] courts have rejected the common law rule absolving the landlord from all liability for unknown dangerous defects in the premises. [*Presson v. Mountain States Properties, Inc.,* 18 Ariz. App. 176, 501 P.2d 17 (1972); *Horton v. Marston,* 352 Mass. 322, 225 N.E.2d 311 (1967)]. Instead, these courts hold that the landlord who leases a furnished residence for a short period "impliedly warrants that the furnished premises will be initially suitable for tenant occupancy." 5 *Thompson on Real Property* § 40.23(a)(2)(i)

[(David A. Thomas ed., 1994)]. We agree with this exception to the common law rule.

*Conley*, 130 N.C. App. at 312, 502 S.E.2d at 691. The Court of Appeals then reasoned that since a jury could conclude that the Ingrams breached this implied warranty of suitability, summary judgment for the Ingrams was improper. *Id.* Further, with regard to defendant Emerald Isle Realty, the Court of Appeals concluded that there was a genuine issue of fact as to whether Emerald Isle Realty, acting as the Ingrams' agent, agreed to assume part or all of the Ingrams' duty to repair or maintain the premises. We disagree as to both conclusions.

[3] This Court has never adopted an implied warranty of suitability doctrine as an exception to our traditional landlord-tenant law, and we decline to do so now. Therefore, because the Act does not control in this case and because defendants Ingram owe no duty to plaintiffs under North Carolina's common law, summary judgment for the defendants Ingram was appropriate. Also, since North Carolina does not recognize the implied warranty of suitability and since the defendants Ingram did not owe a duty to the plaintiffs, we conclude that defendant Emerald Isle Realty is also free from liability.

Finally, we address the defendants' argument suggesting that there is some distinction between defendants' duty to plaintiffs William and Janet Conley as opposed to the rest of the Conley family. As stated by the Court of Appeals:

> The basis for the defendants' argument is that the vacation home was leased only to William and Janet Conley and thus there was no landlord-tenant relationship with the remainder of the Conley family. It follows, the defendants contend, that the members of the Conley family were licensees and that "absent some active negligence" on the part of the defendants, their recourse is against William and Janet Conley.

*Conley*, 130 N.C. App. at 314, 502 S.E.2d at 692. The Court of Appeals disagreed with this argument and held that any guests of the tenants should also enjoy the protection provided under the implied warranty of suitability. *Id.*

It is important to note that the facts of this case present a unique situation which does not appear to have been contemplated by our legislature. Since we have held that North Carolina does not recog-

**CONLEY v. EMERALD ISLE REALTY, INC.**

[350 N.C. 293 (1999)]

nize the implied warranty of suitability, defendants Ingram and defendant Emerald Isle Realty owe the guests of William and Janet Conley the same duty that exists under the common law. Therefore, because the controlling law imposes no duty upon the landlord to repair or maintain the leased premises for the short-term tenants' benefit, we cannot conclude that the landlord failed to reasonably maintain the premises for the protection of the tenants' visitors.

Unless the General Assembly amends the Residential Rental Agreements Act to cover short-term leases which do not serve as the tenants' "primary residence," landlords and rental agencies providing leases in this context must continue to be subject to our common law and are thus absolved from liability for personal injury caused by a failure to repair.

For the foregoing reasons, we conclude that the trial court correctly ordered summary judgment in favor of all defendants on the ground that North Carolina will not impose an implied warranty of suitability on landlords and their agents who lease a furnished residence for a short term. Therefore, the decision of the Court of Appeals is reversed, and this case is remanded to that court for further remand to the Superior Court, Carteret County, for reinstatement of the order granting summary judgment in favor of all defendants.

REVERSED AND REMANDED.

Justice MARTIN did not participate in the consideration or decision of this case.

Justice FRYE concurring.

As this Court and the Court of Appeals recognizes, courts in other states have held that a landlord who leases a furnished residence for a short period impliedly warrants that the furnished premises will be initially suitable for tenant occupancy. This represents a change in the common law. In my opinion, it is a good change. The question is, who should make the change for North Carolina, this Court or the General Assembly. While this Court can certainly change the common law, we have been reluctant to do so when the General Assembly has enacted pervasive legislation essentially preempting the field. Because our General Assembly has legislated so pervasively in the area of landlord-tenant relations, I join the majority in declining to

TRIVETTE v. N.C. BAPTIST HOSP., INC.

[350 N.C. 299 (1999)]

make what I consider to be a badly needed change in this area of landlord-tenant liability. This area of the law is ripe for legislative action.