Brian MCEWAN, Plaintiff,

v.

William E. HAVER and wife, Diane G. Haver and Outer Beaches Realty, Inc., Defendants.

No. 2:99–CV–54–BO2.

United States District Court, E.D. North Carolina, Western Division.

April 19, 2000.

John G. Trimpi, Trimpi & Nash, Elizabeth City, NC, for Brian McEwan, plaintiff.

David Roth Dixon, Avon, NC, for William E. Haver, Diane G. Haver, defendant.

Christopher A. Page, Young, Moore & Henderson, Raleigh, NC, for Outer Beaches Realty, Inc., defendant.

## ORDER

BOYLE, Chief Judge.

This matter is before the Court on Defendants' motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The underlying diversity action seeks damages for injuries suffered by a lessee while staying at Defendants' beach house. For the reasons discussed below, Defendants' motions will be granted, and Plaintiff's complaint will be dismissed in its entirety.

## BACKGROUND

In 1998, Plaintiff Brian McEwan contracted with Defendant Outer Beaches Realty to rent a beach house owned by Defendants William and Diane Haver for the week of April 12, 1998. On April 15, 1998, while he and his family were staying at the beach house, Plaintiff fractured his right elbow when the wooden chaise lounge upon which he was sitting collapsed. As part of Outer Beaches Realty's contract with the Havers, the realty company had agreed to manage the property, including providing maintenance and repair.

Plaintiff filed this suit on September 10, 1999, alleging negligence and breach of warranties. The Havers filed a motion to dismiss on October 13, 1999, and Outer Beach Realty filed a similar motion on November 9, 1999. Plaintiff has filed responses to each motion, and this matter is ripe for adjudication.

## DISCUSSION

Dismissal under Rule 12(b)(6) is appropriate "only if it can be said that on the claim as pleaded the claimant can prove no set of facts that would entitle her to relief." *Labram v. Havel,* 43 F.3d 918, 920 (4th Cir.1995) (citing *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). The court must "accept as true all well-pleaded allegations" in the complaint, and must also construe any ambiguities in fa-

vor of the plaintiff. *Mylan Laboratories, Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir.1993), *cert. denied,* 510 U.S. 1197, 114 S.Ct. 1307, 127 L.Ed.2d 658 (1994).

■ Defendants argue that recovery in this action is barred by *Conley v. Emerald Isle Realty,* 350 N.C. 293, 513 S.E.2d 556 (1999). This factually similar case also involved a family who had rented a beach house for a short vacation stay. One night after dinner, the whole family was gathered on a side deck for a photograph when the entire deck collapsed. The trial court found that neither the house owners nor the realty company owed any duty to Plaintiffs related to their injuries. The Court of Appeals reversed the trial court's summary judgment order for defendants, but the North Carolina Supreme Court reinstated the order, concluding that North Carolina law imposes no implied warranty of suitability on landlords who lease a furnished residence for a short period. *Conley,* 513 S.E.2d at 557.

It is uncontested that the North Carolina Residential Rental Agreements Act, codified at chapter 42, article 5 of the North Carolina General Statutes, does not apply to short term leases of the kind at issue here. Furthermore, it is uncontested that North Carolina's Vacation Rental Act, enacted August 5, 1999 in direct response to the *Conley* decision, does not apply to rental agreements entered before January 1, 2000. The question at issue, then, is whether *Conley* controls one or both of Plaintiff's claims. The Court holds that it controls both.

The North Carolina Supreme Court in *Conley* found first of all that the vacation lease was subject to North Carolina's common law rules governing the landlord-tenant relationship. *Conley,* 513 S.E.2d at 558. Then, holding that in the absence of an applicable statute, traditional common law remains in force, the court applied the English rule of *caveat emptor,* under which a landlord has no duties to make repairs. *Id.* at 558–9. The Court then declined to adopt the Court of Appeal's

proposed exception to common law for short-term furnished leases, under which landlords "impliedly warran[t] that the furnished premises will be initially suitable for tenant occupancy." *Id.* at 559 (citations omitted).

Plaintiff argues that *Conley* is distinguishable from the instant case, as the plaintiffs in *Conley* relied solely on a strict liability claim of breach of warranty, and therefore the court did not reach the question of negligence. They argue that common law still provides that landowners owe their visitors a basic duty of due care, under which they must maintain their premises and warn visitors of latent dangers. *Nelson v. Freeland,* 349 N.C. 615, 507 S.E.2d 882 (1998) (duty to maintain premises); *Robinson v. Thomas,* 244 N.C. 732, 94 S.E.2d 911 (1956) (duty to warn of latent dangers). Although the *Conley* court did focus on the warranty issue raised by the Appeals Court, its holding does not appear to be limited to this issue. In fact, the court seems to have declared quite broadly that it would impose no duties to repair of any kind on vacation-lease landlords. *Nelson v. Freeland* and *Robinson v. Thomas* were available as possibly relevant precedent at the time *Conley* was decided, and were equally applicable to that case. In determining that landlord-tenant law governed the case, the *Conley* court appears to have decided that applying these landowners' duties cases to such a lease would expand their reach to an undesirable extent.[1]

 In light of the sweeping nature of the *Conley* decision, this Court is compelled to conclude that Plaintiff has the misfortune of being injured during the very short period in which North Carolina

clearly imposed no duty to repair on vacation lease landlords. In consequence, both of Plaintiff's claims must be dismissed.

### CONCLUSION

Having viewed the evidence in the light most favorable to the non-movant, the Court concludes that Plaintiff has failed to state a claim upon which relief may be granted. Accordingly, Defendants' motions to dismiss are GRANTED, and Plaintiff's complaint is DISMISSED in its entirety.

SO ORDERED.

---

1. Plaintiff's complaint does not specify what warranties apply to this lease. His responses, however, assert both an implied warranty of suitability, and a warranty of merchantability or of fitness for a particular purpose, stemming from a lease of personal property (i.e. the chaise lounge), as provided in a UCC section codified into North Carolina law in 1993. *See* G.S. 25–2A–103(j). In addition to the difficulty of applying rules relating to the lease of personal property to a real property lease, this argument must fail for the same reason as Plaintiff's negligence claim. Article 2A had been adopted at the time of the *Conley* decision, yet the North Carolina Supreme Court showed opposition to any expansion of landlord duties. It is unlikely that the court would have decided differently if presented with this UCC provision.